*538
 
 Allen, J.
 

 Since the demurrer admits the well-pleaded facts of the petition, we have presented but one question of law, namely, when a probate judge has once approved the appointment of a humane officer, under Section 10071, General Code, may the successor in office of such probate judge revoke the appointment, upon the ground that there is no such necessity for the services of such humane officer as would justify the expense to be paid out of the public treasury? This question arises under Sections 10062 to 10084, General Code, inclusive, the chapter which deals with humane societies. The sections particularly applicable to the case are Sections 10070,10071 and 10072, which read as follows:
 

 Section 10070: ‘ ‘ Such societies may appoint agents who are residents of the county or municipality for which the appointment is made, for the purpose of prosecuting any person guilty of an act of cruelty to persons or animals, who may arrest any person found violating any provision of this chapter, or any other law for protecting persons or animals or preventing acts of cruelty thereto. Upon making such arrest, such agent shall convey the person so arrested before some court or magistrate having jurisdiction of the offense, and there forthwith make complaint on oath or affirmation of the offense. ’ ’
 

 Section 10071: “All appointments by such societies under the next preceding section shall have the approval of the mayor of the city or village for which they are made. If the society exists outside of a city or village, appointments shall be approved by the probate judge of the county for which they are made. The mayor or probate judge shall keep a record of such appointments.”
 

 
 *539
 
 Section 10072: “Upon the approval of the appointment of such an agent by the mayor of the city or village, the council thereof shall pay monthly to such agent or agents from the general revenue fund of the city or village, such salary as the council deems just and reasonable. Upon the approval of the appointment of such an agent by the probate judge of the county, the county commissioners shall pay monthly to such agent or agents, from the general revenue fund of the county, such salary as they deem just and reasonable. The commissioners and the council of such city or village may agree upon the amount each is to pay such-agent or agents monthly. The amount of salary to be paid monthly by the council of the village to such agent shall not be less than five dollars, by the council of the city not less than twenty dollars, and by the commissioners of the county not less than twenty-five dollars. But not more than one agent in each county shall receive remuneration from the county commissioners under this section.”
 

 These sections have heretofore been construed by this court in the case of
 
 State, ex rel. Coshocton Humane Society,
 
 v.
 
 Ashman, Probate Judge,
 
 90 Ohio St., 200, 107 N. E., 337. In that case one W. T. Knight was named by the humane society of Coshocton county as its agent, but the probate judge refused to appoint Knight as such agent, upon the ground that there was no public necessity for the appointment. The precise contention of the humane society was that the probate judge was without authority to refuse to approve if the person appointed was competent for the discharge of the duties of the place; but this court held in the syllabus of the decision: “Under the provisions of Chapter Y, Title IX, Div.
 
 *540
 
 VI, of the General Code, providing for the organization and powers of humane societies, a probate judge, when called upon to approve the appointment of an agent for such society, has discretion to determine not only whether the person named is a proper person for the discharge of such duties, but also whether there is such necessity for the appointment as would justify the payment of the expense out of the public treasury.”
 

 It is t£.e contention of the defendant herein that, while under the
 
 Ashman case
 
 the probate judge is empowered in the first instance to determine whether there is necessity for the appointment, he is vested with no such power after the agent is once named.
 

 The statute does not provide that either the humane society or any other person or body has the right to revoke the appointment of a humane officer. If the power does not exist in the probate judge as an incident to the power to approve the appointment, then when a private group of individuals has once named an agent, who has been approved by a probate judge or mayor, such agent cannot be removed by any public officer. Since the statute places no limitation upon the length of the incumbency, in practical effect this would mean that the agent once appointed has a perpetual right to public office. And this is the precise contention of the defendant here, who claims that the only power which can revoke the appointment is the group of private citizens which constitutes the humane society, urging that the power of the society under Section 10070 to appoint the agent includes the power to revoke the appointment.
 

 However, while the term “appoint” is used of the selection by the humane society, the approval of the
 
 *541
 
 mayor or probate judge under these statutes certainly possesses greater vitality than a mere confirmation. No compensation can be paid the agent until after approval of the appointment. This is the specific provision of Section 10072. The agent cannot make an arrest until his appointment is approved. Section 10065. This fact is emphasized by the reiteration twice in this section, first in affirmative and second in negative form, that the approval is essential before any power can be exercised. Since the approval is necessary before the agent can perform his most important function, or draw a cent of salary, evidently the Legislature contemplated that, while the selection is to be made by the society, it is the approval of the probate judge or mayor which gives vitality to the selection and really establishes the function.
 

 Hence we cannot agree with the conclusion of the defendant, which, apart from considerations of public policy, would raise grave doubts of the constitutionality of the act. The validity of the statute is not challenged here, and hence we do not rule upon that question. Surely it could not be seriously contended that private citizens could name a public appointee to be paid out of the funds of the county, no term being specified for the duration of the appointment, and that no power exists in any representative of the public to terminate such expenditure of public funds upon its being shown that the necessity for such services no longer exists. The statute makes no express provision for the situation, but the decision in the
 
 Ashman case
 
 is squarely upon the point of the power to determine the necessity of the appointment. It is not logical that this power, as
 
 *542
 
 construed in the Ashman decision, should be limited to the determination of the necessity at the time of approval only. In the absence of limitation, the power to establish naturally includes the power to terminate the function. Hence we hold that the power given the probate judge under Sections 10071 and 10072, General Code, to determine whether there is a necessity for the appointment, is a power which exists after, as well as prior, to the approval of the officer. The demurrer will be overruled.
 

 Demurrer overruled.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.