By the Court
 

 (Allen, J.).
 

 This case has previously been heard in this court upon demurrer to the petition, and the demurrer to the petition was overruled.
 
 State, ex rel. Diehl, Pros. Atty.,
 
 v.
 
 Colwell,
 
 123 Ohio St., 535, 176 N. E., 117. The defendant desiring to plead further has now filed an answer which concedes the material allegations of the petition and sets up various collateral facts. Among other things, he avers that the journal entry set forth in the petition was not entered upon the date which it hears, and denies that the revocation of the appointment was made upon the specific date alleged in the petition; avers that he had no notice of the order until some four years after it purports to have been made; avers that the journal entry in question was made without notice to him, the county auditor, the hoard of county commissioners, or the Defiance County Humane Society; and avers that he discharged the duties of his office and drew his monthly salary for a period of more than four years after the order purports to have been
 
 *330
 
 made, being recognized by tbe probate judge as such humane agent, without protest or objection.
 

 The relator has demurred to this answer, and we hence consider'its legal sufficiency.
 

 The well-pleaded facts set up in the answer and conceded by the demurrer do not affect the controlling question in the case, which still remains the following: When a probate judge has once approved the appointment of a humane officer, under Section 10071, General Code, may the successor in office of such probate judge revoke the appointment upon the ground that there is no such necessity for the service of such humane officer as would justify the payment of the expense out of the public treasury?
 

 This question was considered at length and decided in the affirmative and adversely to the defendant.
 
 State, ex rel. Diehl, Pros. Atty.,
 
 v.
 
 Colwell, supra.
 
 Upon the authority of that holding the demurrer to the answer is sustained.
 

 Demurrer to ansiver sustained, and, judgment of ouster.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.