This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Erie Shores Humane Society ("Erie Shores") and Mitchell Witherell ("Witherell"), appeal from an order of the Lorain County Court of Common Pleas, Probate Division, that vacated its prior order appointing Witherell as a county humane agent. We reverse.
On May 23, 2001, Erie Shores petitioned the probate court to approve its appointment of Witherell as a humane agent, pursuant to R.C. 1717.06. Erie Shores indicated in its petition that it was a county humane society organized pursuant to R.C. 1717.05 and that it highly recommended Witherell for the position. The petition detailed some of Witherell's qualifications and attached supporting documentation. Erie Shores also noted in its petition that it understood that another humane society also appoints humane agents in Lorain County, but that "[m]ore than one county humane society can act within the same county. OAG 95-024." The probate court filed an order that same day appointing Witherell as a humane agent for Lorain County.
On August 31, 2001, the probate court filed an order vacating the appointment. In a letter to Erie Shores dated that same day, the probate judge notified Erie Shores that the appointment was vacated. The following explanation was given: "The Lorain County Probate Court does not appoint humane officers through Erie Shores Humane Society as the Animal Protective League is the county agency for animal welfare." The probate court later issued a nunc pro tunc order, indicating that it had vacated Witherell's appointment because there never existed a necessity for his services.
Erie Shores and Witherell appeal from the court's August 23, 2001 order, assigning two errors for review. The errors will be addressed jointly as they are interrelated.
 ASSIGNMENT OF ERROR I "The trial court exceeded its authority and/or "abused its discretion" by vacating its own order appointing Mitchell Witherell as a humane agent."
 ASSIGNMENT OF ERROR II "The trial court erred to the substantial prejudice of Appellants by failing to provide due process of law before vacating an order appointing Mitchell Witherell as a humane agent."
We begin by noting that the briefs in this appeal discuss, for the large part, facts that are not in the record in this case. The record before us reveals only that: (1) Erie Shores petitioned the probate court to appoint Witherell as a humane agent; (2) the trial court made the appointment; (3) the trial court sua sponte vacated the appointment three months later; and (4) the trial court later explained, in a nunc pro tunc order, that it had vacated the appointment because there never existed a necessity for his services. In a letter to Erie Shores, which was filed as part of the record for some reason, the probate court explained that it vacated the order because it historically made appointments from a different humane society, not Erie Shores.
Appellants contend that the trial court had no authority to vacate its May 23, 2001 order sua sponte and without giving them notice or an opportunity to be heard. We agree. Although the trial court has inherent authority to set aside a void judgment, Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph four of the syllabus, nothing in the record suggests that the May 23, 2001 order was void.
Civ.R. 60 sets forth the exclusive procedure for collaterally attacking a voidable judgment. Sperry v. Hlutke (1984), 19 Ohio App.3d 156, 158. Although trial courts may sua sponte correct clerical mistakes pursuant to Civ.R. 60(A), no clerical mistake was at issue here. In his appellate brief, the probate judge[1] contends that there were valid grounds to vacate the May 23 order pursuant to Civ.R. 60(B). No Civ.R. 60(B) motion was filed with the court, however. Civ.R. 60(B) relief cannot be granted sua sponte. See 19 Ohio App.3d at 158. Civ.R. 60(B) explicitly provides that "[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Implicit in that requirement is that the opposing party will be given notice and opportunity to respond, see Citibank (South Dakota) NA v. Ohlin, 11th Dist. No. 2000-T-0037, 2002-Ohio-846, and an adequate record will be made for purposes of appellate review. As no motion was filed with the court, the probate court had no authority under Civ.R. 60(B) to vacate the May 23 order.
The probate judge also points to two Ohio Supreme Court cases, claiming that their holdings support his action of vacating the appointment. The Ohio Supreme Court has held that, implicit in its statutory power to appoint a humane agent, the trial court has the authority to determine whether there is a necessity for such appointment. See State ex rel.Coshocton Humane Society v. Ashman, Probate Judge (1914), 90 Ohio St. 200, syllabus. The Supreme Court has also held that included in the power of appointment is the power to discharge the humane agent after determining that there no longer is a necessity for continuance of the agent's service. See State ex rel. Diehl v. Colwell (1931), 123 Ohio St. 535, paragraphs two and three of the syllabus. Those determinations, however, are presumably made by the court upon evidence in the record, following a written request filed with the court and served upon all interested parties. See id.; State ex rel. Coshocton Humane Society, 90 Ohio St. at syllabus. Neither of these Supreme Court cases suggests that the probate court has the authority to vacate an appointment of a humane agent sua sponte, without notifying the humane agent or the humane society that appointed him, and without taking evidence or argument on the record.
The assignments of error of Erie Shores and Witherell are sustained. The judgment of the probate court is reversed.
CARR, J., WHITMORE, J. CONCUR.
[1] We granted the probate judge leave to intervene in this appeal.