FREELAND et al., Appellants,

v.

PFEIFFER et al., Appellees.

[Cite as *Freeland v. Pfeiffer* (1993), 87 Ohio App.3d 55.]

Court of Appeals of Ohio,
Summit County.

No. 15812.

Decided April 7, 1993.

*Lawrence Landskroner* and *Joseph D. Russo*, for appellants.

*R. Mark Jones* and *Daniel S. Cody*, for appellees.

---

QUILLIN, Judge.

This is an appeal from the trial court's denial of appellants' motion for relief from summary judgment. We reverse.

On September 11, 1989, appellants, Robert M. Freeland and Carol J. Freeland, filed a medical malpractice complaint against appellees, John A. Pfeiffer, M.D., David L. Yontz, M.D., Diane M. Minich, M.D. and Portage Lakes Family Practice, Inc. Appellants attached an affidavit to their complaint pursuant to R.C. 2307.42(C)(1)(b) stating that they had not had time to consult with a physician to obtain an affidavit as required under R.C. 2307.42(C)(1)(a)(i). They failed, however, to then file an R.C. 2307.42(C)(1)(a)(i) affidavit within the ninety-day time limit prescribed by that statute. On appellees' motion, the case was transferred from Cuyahoga County to Summit County on August 3, 1990.

On March 1, 1991, appellees moved for summary judgment, which appellants did not oppose. The motion was granted and the case dismissed with prejudice. Appellants' appeal was dismissed as untimely.

On February 19, 1992, appellants filed a motion for relief from judgment under Civ.R. 60(B), alleging that the trial court lacked jurisdiction to grant summary judgment. Appellants' motion was denied. Appellants appeal and raise two assignments of error.

### Assignment of Error I

"The Court of Common Pleas lacked the requisite subject matter jurisdiction to grant appellees' Civ.R. 56(B) motion for summary judgment on appellants' complaint."

■ Appellants argue that the trial court lacked jurisdiction pursuant to R.C. 2307.42(C) to grant appellees' motion for summary judgment. We agree.

R.C. 2307.42(C)(1) sets forth certain documentation which must accompany a complaint for medical malpractice. In particular, R.C. 2307.42(C)(1)(a)(i) requires:

"An affidavit of the claimant's attorney or, if the claimant is not represented by an attorney, of the claimant that states that the affiant has consulted with and reviewed the facts of the matter involved with a physician if a medical claim against a physician is involved, * * * who the affiant reasonably believes is knowledgeable regarding the issues involved in the particular claim and is competent pursuant to the Rules of Evidence to testify on the claim; that after the consultation and review of the facts and relevant medical * * * records and other materials, the reviewing physician * * * has determined that there is reasonable cause for the commencement of an action upon the claim against each defendant; and that, on the basis of the review and consultation, the affiant has concluded that there is reasonable cause for the commencement of an action upon the claim against each defendant[.]"

If a plaintiff is unable to obtain such an affidavit, an affidavit which states the following may be filed pursuant to R.C. 2307.42(C)(1)(b):

"(i) The affiant was not able to obtain a consultation with and a review of the facts of the matter involved with a physician, * * * as described in division (C)(1)(a) of this section soon enough to timely commence an action upon the medical, dental, optometric, or chiropractic claim;

"(ii) The reasons why the affiant was not able to obtain a consultation and review as described in division (C)(1)(a) of this section soon enough to timely commence an action upon the medical * * * claim."

The plaintiff then has ninety days in which to file the affidavit required under R.C. 2307.42(C)(1)(a)(i).

If a complaint is not supported with the necessary documentation, R.C. 2307.42(C)(3) provides that the trial court lacks jurisdiction to hear and determine the action, and that the action must be dismissed:

"A municipal court, county court, or court of common pleas, or the court of claims does not have jurisdiction to hear and determine an action upon a medical, dental, optometric, or chiropractic claim and shall dismiss the action if the complaint or other pleading that sets forth the claim is not supported as provided in division (C)(1) or (2) of this section.

Here, appellants filed an affidavit under R.C. 2307.42(C)(1)(b), but failed to comply with the ninety-day time limit in which to file an R.C. 2307.42(C)(1)(a)(i)

affidavit. Because appellants did not supply the necessary documentation, pursuant to R.C. 2307.42(C)(3), the trial court lacked jurisdiction over the action, and the action should have been dismissed without prejudice. The trial court, however, proceeded to grant appellees' motion for summary judgment and dismissed the action with prejudice.

It is well settled that a judgment rendered by a court that lacks jurisdiction is void *ab initio*. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941, 944. Further, subject matter jurisdiction may not be conferred upon a court by agreement of the parties, nor may lack of subject matter jurisdiction be waived. *State ex rel. Lawrence Dev. Co. v. Weir* (1983), 11 Ohio App.3d 96, 97, 11 OBR 148, 149, 463 N.E.2d 398, 401. Lack of subject matter jurisdiction may also be the basis for mandatory *sua sponte* dismissal by the courts. *Id.*

Appellees concede that the trial court lacked jurisdiction to grant summary judgment but assert that appellants waived the lack of jurisdiction by failing to timely appeal from the trial court's order. Specifically, appellees contend that the instant situation constitutes an exception to the general rule that subject matter jurisdiction may not be waived.

In support of this argument, appellees cite *Mantho v. Bd. of Liquor Control* (1954), 162 Ohio St. 37, 54 O.O. 1, 120 N.E.2d 730, which held that where a court of appeals had general appellate jurisdiction over the subject matter of an appeal from the judgment of a court of common pleas, the issue of the Board of Liquor Control's authority to prosecute the appeal to the court of appeals was waived by failure to raise it until after the court of appeals reached its decision. *Id.* at 45, 54 O.O. at 5, 120 N.E.2d at 735. Appellees also cite *Skelly v. Jefferson Branch of State Bank of Ohio* (1859), 9 Ohio St. 607, which held that where a case is transferred to a court which has jurisdiction over the class of cases to which it belongs, the issue of jurisdiction must be raised prior to trial. While appellees contend that these cases are analogous to the present situation, we are not persuaded that they set forth an exception to the requirement of subject matter jurisdiction in the instant case.

We further reject appellees' argument that the summary judgment order may not be vacated because a Civ.R. 60(B) motion is not to be used as a substitute for a timely appeal. As the Ohio Supreme Court explained in *Patton v. Diemer, supra,* lack of jurisdiction renders a judgment void *ab initio*. "Consequently, the authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." *Id.*, 35 Ohio St.3d at 70, 518 N.E.2d at 944. See, also, Staff Notes to Civ.R. 60(B). Thus, the court in *Patton* held:

"It was neither incumbent upon appellee to establish a basis for relief under Civ.R. 60(B) nor was it necessary for the common pleas court to derive its authority therefrom. Rather, the 'judgment' sought to be vacated constituted a nullity. * * * " *Id.* at 70, 518 N.E.2d at 944.

Accordingly, we hold that the trial court's order granting summary judgment to appellees was void for lack of jurisdiction and should be vacated. We further hold that appellants' action should have been dismissed without prejudice pursuant to R.C. 2307.42(C)(3). The first assignment of error is sustained.

### Assignment of Error II

"The court of common pleas abused its discretion by not granting appellants a hearing on their Civ.R. 60(B) motion for relief from judgment."

Because we have determined that the summary judgment was void for lack of jurisdiction we need not determine whether a hearing on appellants' Civ.R. 60(B) motion was necessary.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and REECE, J., concur.