OPINION AND JUDGMENT ENTRY
This is an administrative appeal from a judgment of the Sandusky County Court of Common Pleas. From that judgment, appellant Diana Clinebell raises the following assignments of error:
 "I. THE COURT OF COMMON PLEAS OF SANDUSKY COUNTY, OHIO LACKED SUBJECT MATTER JURISDICTION OVER THIS MATTER AS NEITHER THE CITY OF FREMONT NOR KENNETH MEYERS [SIC], AS SAFETY SERVICE DIRECTOR, HAVE STANDING TO APPEAL THE DECISION OF THE FREMONT CIVIL SERVICE COMMISSION.
 "II. THE COURT OF COMMON PLEAS OF SANDUSKY COUNTY, OHIO ERRED BY NOT DISMISSING THE APPEAL OF THE CITY OF FREMONT FROM THE DECISION OF THE FREMONT CIVIL SERVICE COMMISSION DUE TO THE FACT THAT THE CITY FAILED TO FILE THE TRANSCRIPT FOR OVER SEVEN (7) MONTHS, AND FURTHER, THAT THE COURT OF COMMON PLEAS OF SANDUSKY COUNTY NEVER RULED UPON APPELLANT'S MOTION TO DISMISSED [SIC] BASED UPON SUCH FAILURE TO FILE THE TRANSCRIPT."
In August 1995, Terry M. Overmyer, the mayor of the city of Fremont, denied Clinebell's request for a job reclassification. Clinebell, an employee of the Fremont Recreation Department, had previously asked her employer for a pay raise and reclassification of her position in order to more accurately reflect her added job responsibilities and to compensate her for those. Initially, in January 1995, the Fremont Recreation Department Board unanimously approved a motion to increase Clinebell's salary. Two months later, however, the Board unanimously rescinded its prior approval. Thereafter, upon review of the issue, Mayor Overmyer, on behalf of the city, denied Clinebell's reclassification request.
On September 6, 1995, Clinebell appealed the denial of her reclassification request to the Fremont Civil Service Commission. The Commission held a hearing on the matter at which appellee Kenneth Myers, the Fremont Safety Service Director, represented the "appointing authority," the city of Fremont and Mayor Overmyer. On December 26, 1996, the Commission filed an opinion reversing the city's denial of Clinebell's reclassification request. Specifically, the Commission determined that the burden of proof was on the appointing authority to establish its case and that, in this case, the appointing authority had not met its burden. The Commission then determined that Clinebell was entitled to the job reclassification and corresponding pay raise.
On January 23, 1997, the city of Fremont, through Myers, appealed the decision of the Commission to the Sandusky County Court of Common Pleas. The notice of appeal specified that Myers, as an officer of the city of Fremont, was suing in his representative capacity, that the appeal was being brought pursuant to R.C. 2505.05 and 2506.01 and that it was being brought on both questions of law and fact. Along with his notice of appeal, Myers filed a praecipe directing the Secretary of the Commission to file the complete record of proceedings before the Commission with the common pleas court pursuant to R.C. 2506.02. By April 1997, however, the Commission had not yet filed the record of the administrative proceedings with the common pleas court. Accordingly, on April 8, 1997, the lower court filed a judgment entry ordering the Commission to file the record of proceedings within thirty days of the date of the order. By October 1997, the Commission had still not yet filed the record. On October 27, 1997, Clinebell filed a motion to dismiss the administrative appeal for failure to comply with the order of the court, for failure to perfect the appeal and for lack of prosecution. The court did not rule on the motion. On November 20, 1997, the Commission filed the record.
Thereafter, Visiting Judge Charles Abood was assigned to the case. In a judgment entry dated February 25, 1998, and documenting a pre-trial, Judge Abood continued the case to March 12, 1998 for a settlement pre-trial. The next entry in the record is a judgment entry dated March 12, 1998. That entry reads:
 "On March 12, 1998, the case was called for Pre-Trial. All parties appeared with counsel. By agreement of the parties, the cause between the parties has been settled.
 "It is therefore ORDERED that the April 7, 1998 trial date is vacated and this case is continued to April 7, 1998, for filing of a J.E. or Dismissal."
The judgment entry reflecting the settlement, however, was not filed with the court until August 11, 1998. Moreover, that entry was only signed by Judge Abood and by the attorney for the city of Fremont. Neither Clinebell nor her counsel signed the entry. It is from that judgment that appellant now appeals.
In her first assignment of error, appellant asserts that the trial court lacked subject matter jurisdiction over the administrative appeal in that neither Kenneth Myers, as the Safety Service Director, nor the city of Fremont had standing to appeal the decision of the Commission to the common pleas court. Appellees respond that appellant has waived this issue by entering into the settlement agreement.
Initially we are compelled to address the issue of the consent entry and the curious position in which appellant has placed herself. Where parties to a pending case enter into a definite oral settlement agreement in open court and it is memorialized on the record, the trial court may, sua sponte, approve and adopt a judgment entry which accurately reflects the terms of the agreement. Bolen v. Young (1982), 8 Ohio App.3d 36,37, citing Holland v. Holland (1970), 25 Ohio App.2d 98. Once entered, that judgment, having been made by the agreement of the parties, is generally not susceptible to direct attack except for fraud, lack of subject matter jurisdiction or lack of consent or unless it can be shown that something was inserted as by consent that was, in fact, not consented to. Sponseller v. Sponseller
(1924), 110 Ohio St. 395. See, also, In the matter of BrittianyByram (Nov. 22, 1991), Lucas App. No. L-91-179, unreported. In the present case, the only matter in the record, other than the August 11, 1998 entry, that indicates that the parties entered into a settlement agreement is Judge Abood's entry of March 12, 1998. There is, however, nothing in the record indicating that the agreement was entered into in open court or that it was memorialized on the record. Nevertheless, appellant does not challenge the substance of the agreement itself or the fact that neither she nor her attorney signed the agreement. Rather, appellant's challenge focuses on the trial court's jurisdiction. It is well-established that "* * * parties may not, by stipulation or agreement, confer subject-matter jurisdiction on a court, where subject-matter jurisdiction is otherwise lacking." Fox v. EatonCorp. (1976), 48 Ohio St.2d 236, 238. A judgment entered by a court lacking subject matter jurisdiction is void ab initio.Freeland v. Pfeiffer (1993), 87 Ohio App.3d 55, 58. Accordingly, appellant has not waived the issue of subject matter jurisdiction and we must address her assignments of error.
In Willoughby Hills v. C. C. Bar's Sahara, Inc. (1992),64 Ohio St.3d 24, 26, the Supreme Court of Ohio addressed the issue of standing in administrative appeals and stated that "[i]n the absence of constitutional or statutory authority, the aggrieved party may not seek appellate review of the order of an administrative determination as the right to appeal is neither inherent nor inalienable." Article IV, Section 4(B) of the Ohio Constitution provides that courts of common pleas have "powers of review of proceedings of administrative officers and agencies" only "as may be provided by law." In the present case, appellant contends that Myers and the city of Fremont had neither constitutional nor statutory authority to file the present appeal in the common pleas court. In particular, appellant asserts that because her position was reduced, the Commission was acting within the limits of R.C. 124.34, which only allows the appointing authority to appeal a decision of a civil service commission when the reduction was for disciplinary reasons. Appellee counters, however, that the case is most accurately defined as the denial of a reclassification request and is therefore controlled by R.C.124.14. Because the nature of the case controls the parties' appeal rights, we must examine these two statutes and the facts of the case herein to determine the standing issue.
R.C. 124.34 provides in relevant part:
 "The tenure of every officer or employee in the classified service of the state and the counties, civil service townships, cities, city health districts, general health districts, and city school districts thereof, holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended, or removed, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office.* * *
 "In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.
 "Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission. In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.
 "In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code." (Emphasis added.)
Pursuant to R.C. 124.40, a municipal civil service commission is bestowed with the same powers and duties as the state personnel board of review with regard to municipal civil service employees. Accordingly, under R.C. 124.34, an appointing authority may only appeal a decision of a municipal civil service commission in cases regarding removal or reduction in pay for disciplinary reasons. In the present case, Clinebell was clearly not removed or reduced in pay for disciplinary reasons. We further find, however, that none of the matters addressed by R.C.124.34 apply to Clinebell's situation.
The nature of a case before a municipal civil service commission is determined by the action of the appointing authority. In the Matter of the Appeal of: Joseph W. Stanley
(Feb. 7, 1978), Franklin App. No. 77AP-747, unreported. R.C.124.01(D) defines an "appointing authority" as "* * * the officer, commission, board, or body having the power of appointment to, or removal from, positions in any office, department, commission, board, or institution." In this case, the appointing authority appears to be the city of Fremont through Terry Overmyer, the mayor of Fremont, and Kenneth Myers, the Fremont safety service director. Although the Fremont Recreation Department Board originally granted Clinebell a pay raise and then rescinded the motion granting that pay raise, the only action taken by the appointing authority was the decision dated August 30, 1995 denying Clinebell's reclassification request. Moreover, that is the decision which Clinebell appealed to the Commission. Accordingly, we find that the appeal rights in this case are controlled by R.C. 124.14, the statute covering reclassification requests. As such, appellant's reliance on Poole v. Maloney
(1983), 9 Ohio App.3d 198 and related cases is misplaced.
R.C. 124.14 provides in relevant part:
 "(D) * * * Upon the request of any classified employee who is not serving in a probationary period, the director shall perform a job audit to review the classification of the employee's position to determine whether the position is properly classified. The director shall give to the employee affected and to his appointing authority a written notice of the director's determination whether or not to reclassify the position or to reassign the employee to another classification. An employee or appointing authority desiring a hearing shall file a written request therefor with the state personnel board of review within thirty days after receiving the notice. * * * After the hearing, the board shall consider anew the reclassification and may order the reclassification of the employee and require the director to assign him to such appropriate classification as the facts and evidence warrant."
Again, pursuant to R.C. 124.40, a municipal civil service commission has the powers and duties of the state personnel board of review with regard to municipal civil service employees. As, such, the decision of an appointing authority regarding a reclassification request is clearly appealable to a municipal civil service commission. The statute does not address the issue of appeal rights beyond an appeal to the Commission. However, Ohio Adm. Code 124-7-02(B), which amplifies R.C. 124.14, provides: "The decision of the director of administrative services or the director's authorized designee, to reclassify a position or to retain a current classification, may be appealed by either the appointing authority of the affected employee or by the employee." Accordingly, through the operation of R.C. 124.14, R.C. 124.40 and Ohio Adm. Code 124-7-02(B), appellees had a statutory right to appeal the decision of the Commission to the common pleas court.
Appellees, however, brought their appeal before the common pleas court pursuant to R.C. 2506.01. Appellant asserts that appellees had no standing to bring an appeal pursuant to R.C.2506.01 because they were not persons directly affected by the decision of the Commission. R.C. 2506.01:
 "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code, except as modified by this chapter.
 "The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.
 "A `final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."
In Willoughby Hills, supra, at 26, the Supreme Court of Ohio noted that while R.C. 2506.01 provides generally for administrative appeals from decisions of political subdivisions at the municipal level, the statute "* * * does not address the question of who has standing to bring such an appeal." The court, however, then recognized that "R.C. 2506.01 makes no mention of a `directly affected' requirement. Instead, the statute applies to `[e]very final order.'" Id. at 28.
In Nuspl v. Akron (1991), 61 Ohio St.3d 511, at the syllabus, the Supreme Court of Ohio held that "[w]here neither the local civil service rules nor state law prohibits an appeal from the decision of a civil service commission declaring a person ineligible to take a civil service examination, such decision may be appealed to the court of common pleas pursuant to R.C.2506.01." Although that case involved an ineligibility determination and R.C. 124.34, we find that its holding, when read in conjunction with the holding in Willoughby Hills, leads to the inescapable conclusion that appellees did have standing to file an R.C. 2506.01 appeal from the decision of the Commission. The decision of the Commission was a final order as that term is defined by R.C. 2506.01. Moreover, an appeal from the decision of the Commission regarding reclassification requests is not prohibited by law and in fact is allowed under R.C. 124.14, as discussed above. R.C. 2506.01 expressly states that "[t]he appeal provided in this chapter is in addition to any other remedy of appeal provided by law."
Accordingly, the appointing authority herein had standing to bring an R.C. 2506.01 appeal and the first assignment of error is not well-taken.
In her second assignment of error Clinebell asserts that the trial court erred in failing to dismiss appellees' appeal for the Commission's failure to timely file the record of the proceedings before that body.
R.C. 2506.02 reads:
 "Within forty days after filing the notice of appeal, the officer or body from which the appeal is taken, upon the filing of a praecipe, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from. The costs of such transcript shall be taxed as a part of the costs of the appeal."
By filing the transcript in the common pleas court approximately nine months late, the Commission clearly did not comply with R.C.2506.02. However, as discussed above, the parties in this case entered into a settlement agreement. Accordingly, the issue of trial court's failure to dismiss the appeal has been waived and is not a proper basis for challenging the proceedings below. The second assignment of error is therefore not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., JUDGE
Richard W. Knepper, J., JUDGE
Mark L. Pietrykowski, J., JUDGE
CONCUR.