DECISION AND JOURNAL ENTRY
Appellant Andrew P. Bodnar has appealed from two orders of the Summit County Court of Common Pleas that: (1) reduced the parties' settlement agreement to judgment; and (2) held him in civil contempt. This Court reverses and remands with instructions.
 I.
This action originated as a single lawsuit filed by Appellees Beverly and John Kleinholz alleging investment counseling malpractice against Appellant Andrew P. Bodnar, the law firm of Bodnar Associates and the investment firm of Commonwealth Equity Services. Prior to trial, the parties entered into a settlement agreement. Subsequently, on December 29, 1997, the trial court dismissed the matter.
Shortly thereafter, it became apparent that Appellant was unable to procure the funds he owed Appellees under the agreement. As a result of his failure to meet the terms of the agreement, Appellees moved the trial court to reduce the settlement agreement to judgment, or, in the alternative, to reinstate the case. Eventually, the trial court granted Appellees' motion and reduced the settlement agreement to judgment. Appellant appealed that order to this Court. In another order, the trial court held Appellant in civil contempt for his "misrepresentations" to the court that he was unable to satisfy the terms of the agreement. Appellant appealed that order separately.
On appeal, Appellant moved this Court to consolidate the separate appeals and submitted a merit brief. Appellees never responded to the motion to consolidate nor submitted a response brief. The appeals were consolidated, and the matter is now before this Court for final disposition.
 II.
Although Appellant has asserted two assignments of error with regard to the each of the trial court's orders, this Court need not address them because the record clearly demonstrates that the trial court never vacated its December 29, 1997 dismissal. As a result, it had no authority to enter the orders in question.
The Ohio Supreme Court has stated that a trial court loses its authority to proceed and, therefore, lacks jurisdiction over an action that it has unconditionally dismissed. State ex rel.Rice v. McGrath (1991), 62 Ohio St.3d 70, 71. A judgment rendered by a court that lacks subject matter jurisdiction is voidab initio. Patton v. Diemer (1988), 35 Ohio St.3d 68, at paragraph three of the syllabus. Furthermore, this Court would note that subject matter jurisdiction may neither be conferred upon the court nor waived by the parties. Freeland v. Pfeiffer
(1993), 87 Ohio App.3d 55, 58. Under the foregoing legal parameters, the issue of the trial court's jurisdiction to act on the parties' settlement agreement and to find Appellant in civil contempt resolves ultimately to whether the dismissal was unconditional.
The dismissal entry in this case simply stated, "The Court, having been advised that the parties have reached an agreement in this case, orders this matter to be marked `SETTLED AND DISMISSED.'" Indeed, it fails to indicate that the trial court intended to retain jurisdiction to enforce the terms of the settlement agreement. Under Rice and given the language of the dismissal entry, the trial court clearly divested itself of jurisdiction by unconditionally dismissing the case. Thus, it lost jurisdiction over the entire action, including the alleged settlement agreement, at that time. See Hart v. Smolak (Sept. 5, 1995), Franklin App. No. 94APE12-1808, unreported, 1995 Ohio App. LEXIS 3806, at *4, citing Tepper v. Heck (Dec. 10, 1992), Cuyahoga App. No. 61061, unreported, 1992 Ohio App. LEXIS 6291 andLucarelli v. Westbay (July 10, 1987), Trumbull App. No. 3623, unreported, 1987 Ohio App. LEXIS 7867.[1] In the end, both the trial court's reduction of the settlement agreement into judgment and its finding of contempt are void ab initio. As a result, these entries may and should be vacated. See CincinnatiSchool Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision (2000),87 Ohio St.3d 363, 368, citing Patton, 35 Ohio St.3d at paragraph four of the syllabus; see, also, Freeland, 87 Ohio App.3d at 58.
 III.
The judgment of the trial court is reversed, and the matter is remanded. The trial court is directed to vacate all orders and entries journalized following the December 29, 1997 dismissal entry as being void ab initio.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT.
CARR, P.J., AND BATCHELDER, J. CONCUR.
[1] This Court would note that this decision does not leave Appellees without recourse. As the Tenth District noted in Hart,supra, at *4 and Bolen v. Young (1982), 8 Ohio App.3d 36, 37-38, the party seeking to enforce a settlement agreement has several other options. They include, but are not limited to, the filing of a supplemental pleading in the same action pursuant to Civ.R. 15(E). Once a Civ.R. 15(E) pleading is no longer appropriate in a case, the parties may move the trial court to reactivate the case or file an independent breach of contract action to enforce a settlement agreement. See Hart, supra, at *4.