OPINION
Plaintiff-appellant, John B. Pfarr, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, McNeil Real Estate Management, Inc. ("McNeil") on plaintiff's claims of gender discrimination, disability discrimination, and wrongful termination in violation of public policy.
McNeil terminated plaintiff from his position as maintenance supervisor for its Forrest Park Village Apartments property after Cynthia Reeder, the property manager, stated that she observed defendant smoking marijuana with a maintenance worker and a painting contractor at a resident Christmas party. In response, plaintiff filed a complaint in the Franklin County Court of Common Pleas alleging (1) he was subjected to disparate treatment in violation of R.C. 4112.01, (2) McNeil terminated him because he was handicapped, and (3) his termination violated public policy. The trial court granted McNeil's motion for summary judgment on all three of plaintiff's claims. Plaintiff appeals, assigning the following errors:
 1. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANTS-APPELLEES' MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFF-APPELLANT PFARR'S CLAIM FOR SEX DISCRIMINATION.
 2. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANTS-APPELLEES' MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFF-APPELLANT'S CLAIM FOR DISABILITY DISCRIMINATION.
 3. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANTS-APPELLEES' MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFF-APPELLANT'S CLAIM FOR DISABILITY DISCRIMINATION.
All three of plaintiff's assignments of error challenge the trial court's ruling on McNeil's motion for summary judgment. An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when a party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); State ex rel. Grady v. State Emp. RelationsBd. (1997), 78 Ohio St.3d 181.
Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The moving party, however, cannot discharge its initial burden under the rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims.Id.; Vahila v. Hall (1997), 77 Ohio St.3d 421. The moving party's initial burden thus is discharged, requiring the non-moving party to comply with Civ.R. 56(E). Vahila, supra, at 430.
Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial.Dresher, supra, at 293; Civ.R. 56(E).
Plaintiff's first assignment of error contends the trial court erred in granting McNeil's motion for summary judgment on plaintiff's sex discrimination claim. Plaintiff's complaint alleged that his termination for violating defendant's drug policy contravenes R.C. 4112.02 because McNeil retained Reeder after she violated the same policy at the same party. R.C. 4112.02(A) provides that it is an unlawful discriminatory practice for any employer "because of the * * * sex * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." Plaintiff contends that a genuine issue of material fact exists that McNeil's actions regarding plaintiff and Reeder were gender-based disparate treatment.
Federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000e et seq., Title 42, U.S. Code, is generally applicable to cases arising under R.C. Chapter 4112.Plumbers Steamfitters Commt. v. Ohio Civil Rights Comm. (1981),66 Ohio St.2d 192, 196. Ohio courts have adopted the analysis set forth by the United States Supreme Court in McDonald Douglas Corp.v. Green (1973), 411 U.S. 792 for cases involving disparate treatment claims under R.C. Chapter 4112. Southerland v.Nationwide Gen. Ins. Co. (1994), 96 Ohio App.3d 793, 800 (quotingFrank v. Toledo Hosp. (1992), 84 Ohio App.3d 610, 615). Under theMcDonald Douglas standard, a plaintiff bears the initial burden of establishing a prima facie case of discrimination. Id. If the plaintiff establishes a prima facie case, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. (quoting McDonald Douglas,supra, at 802). "Should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Id. (quoting Texas Dept. of Community Affairs v.Burdine (1981), 450 U.S. 248, 253).
In order to establish a prima facie case in a disparate treatment context involving termination, a plaintiff must generally demonstrate (1) membership in a protected class, (2) discharge from employment, and (3) different treatment of a comparable unprotected employee. Dodley v. Budget Car Sales, Inc.
(Apr. 20, 1999), Franklin App. No. 98AP-530, unreported (1999 Opinions 838). McNeil contends the undisputed facts, derived from the deposition testimony of plaintiff and McNeil management, demonstrate that plaintiff cannot satisfy his burden of showing that he was treated differently than a comparable McNeil employee. Plaintiff responds that Reeder's oral reprimand for violating McNeil's alcohol policy at the Christmas party evidences such different treatment.
Examination of whether a comparable employee received different treatment than the complainant focuses on similarity, rather than identity of situation. Southerland, supra, at 802. Here, both plaintiff and Reeder served as management-level employees with supervisory duties, although Reeder, the property manager, was plaintiff's direct supervisor. Notwithstanding the general similarity in plaintiff's and Reeder's supervisory duties, the record demonstrates that Reeder was not similarly-situated to plaintiff in the nature of the two employees' respective violations of McNeil's drug and alcohol policy. Reeder provided a keg of beer at the Forrest Park Village Christmas party; plaintiff allegedly condoned and participated in the use of marijuana with an employee and a contractor at the resident function. Significantly, plaintiff's violation of the drug and alcohol policy is different and more severe than Reeder's violation because marijuana, unlike alcohol, is a controlled substance. By arguing that McNeil's failure to terminate Reeder constituted disparate treatment, plaintiff ignores the relative severity of his and Reeder's violations of the policy.
Plaintiff responds by contending that McNeil was aware minors had consumed alcohol at the Christmas party when it disciplined Reeder; that Reeder's violation of the drug and alcohol policy therefore was sufficiently egregious to categorize plaintiff and Reeder as "similarly situated." The record, however, does not support plaintiff's contention. While Regional Vice President Timothy Greer admitted during his deposition that at the time of his deposition he was aware minors consumed alcohol at the Christmas party at which Reeder provided the alcohol, Greer indicated McNeil did not determine that fact during its disciplinary investigation of Reeder.
Plaintiff also contends that Reeder's failure to stop the maintenance worker and the painting contractor from smoking marijuana at the party demonstrates conduct similar to that for which plaintiff was terminated. McNeil terminated plaintiff because it concluded plaintiff stood by as the worker and contractor smoked marijuana; that in doing so, plaintiff condoned employee drug use at a resident function. By contrast, Reeder observed the incident from the kitchen of the party house and went outside to intervene. Reeder later reported the incident to her supervisor. The record does not support the essential proposition that Reeder condoned employee marijuana use at the party or that, if she did, McNeil was aware of it when it issued Reeder's oral reprimand.
When the record is construed in plaintiff's favor, the undisputed facts demonstrate that plaintiff and Reeder were not similarly situated in the relative severity of their violations of McNeil's drug and alcohol policy. McNeil affirmatively demonstrated that plaintiff cannot satisfy his initial burden of establishing a prima facie case of discrimination. Plaintiff has not reciprocally demonstrated that a genuine issue exists for trial on that issue. Accordingly, summary judgment is appropriate on plaintiff's sex discrimination claim. Plaintiff's first assignment of error is overruled.
Plaintiff's second assignment of error contends the trial court erred in granting McNeil's motion for summary judgment on plaintiff's claim for disability discrimination.
In order to demonstrate a prima facie case of handicap discrimination under R.C. 4112.02, the person seeking relief must demonstrate that (1) he or she was handicapped, (2) an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) the person, though handicapped, can safely and substantially perform the essential functions of the job in question. Hood v. Diamond Products, Inc.
(1996), 74 Ohio St.3d 298, paragraph one of the syllabus, motion for reconsideration denied, 75 Ohio St.3d 1412 (citing Hazlett v.Martin Chevrolet, Inc. (1986), 25 Ohio St.3d 279).
McNeil argues that plaintiff cannot meet his burden of demonstrating that he was handicapped. R.C. 4112.01(A)(13) defines "handicap" as follows:
 "Handicap" means a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment.
Plaintiff conceded in his deposition that he does not suffer from any disabilities. Accordingly, plaintiff can satisfy the definition of "handicap" under the statute only if he demonstrates that McNeil "regarded him as having a physical or mental impairment." Plaintiff contends that McNeil so regarded him because McNeil management personnel alleged he used marijuana the night of the Christmas party.
The record fails to demonstrate that an isolated use of marijuana rises to the level of a disability, such that its use one time causes a physical or mental impairment that substantially limits one or more major life activities under R.C.4112.01(A)(13). Cf. Columbus Civ. Serv. Comm. v. McGlone (1981),82 Ohio St.3d 569, 573, motion for reconsideration denied,83 Ohio St.3d 1453 (discussing factors to be considered in determining whether an individual is substantially limited in a major life activity under the analogous federal Americans with Disabilities Act). Not only has plaintiff not identified any evidence on the record which demonstrates that he is addicted to marijuana, plaintiff maintains that he does not use marijuana. Cf. Hazlett,supra, at 280-281 (holding, under former R.C. 4112.01(13) that drug addiction is a handicap because "it creates in its victims a debilitating chemical imbalance that is an abnormal physical condition * * * [that] limits the user's functional ability, including physical endurance, mental capacity and judgment * * * [the effects of which] remain for a considerable period of time").
The undisputed facts illustrate that plaintiff does not have a physical or mental impairment, and that McNeil's belief that defendant may have smoked marijuana on one occasion does not create a perception that plaintiff possesses such an impairment. Because McNeil has successfully demonstrated that plaintiff cannot satisfy his initial burden of showing a prima facie case of handicap discrimination, and plaintiff has failed to rebut that demonstration, plaintiff's second assignment of error is overruled.
Plaintiff's third assignment of error contends the trial court erred in granting McNeil's motion for summary judgment on plaintiff's claim for wrongful discharge in violation of public policy.
The Ohio Supreme Court has recognized an exception to the employment at will doctrine when an at-will employee is discharged or disciplined for a reason that contravenes clear public policy. Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134,150, certiorari denied, __U.S. ___, 118 S.Ct. 586.Kulch sets forth the following elements of wrongful termination:
 1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).
 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).
 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).
 4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).
(Emphasis sic.) Id. at 151 (quoting Painter v. Graley (1994),70 Ohio St.3d 377, and H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398-399). The clarity and jeopardy elements are questions of law for the court to determine, while the causation and overriding justification elements are questions of fact for the trier of fact to determine. Kulch, supra, at 151.
Plaintiff's public policy claims are based upon plaintiff's contention that he possessed knowledge about Reeder's allegedly improper conduct, and McNeil's alleged receipt of an insurance overpayment and its purported concealment of alleged asbestos violations in parts of Forrest Park Village. Plaintiff's knowledge of Reeder's allegedly improper conduct does not support plaintiff's claim because Reeder did not participate in McNeil's decision to terminate plaintiff other than to tell her supervisors what she observed at the party and to inquire how to proceed.
Similarly, the record fails to substantiate plaintiff's claim that his purported knowledge of insurance overpayments and asbestos violations contributed to his termination. According to the deposition testimony of the McNeil management personnel who effected plaintiff's termination, McNeil terminated plaintiff because it concluded, after an investigation of Reeder's allegations, that plaintiff condoned drug use at a resident function. Plaintiff admitted in his deposition that he did not believe his knowledge of the insurance overpayment had anything to do with his termination. Assistant Vice President Ron Goetz indicated in his deposition that he was unaware of plaintiff's asbestos concerns. Indeed, plaintiff indicated in his deposition that he did not know whether or not the alleged asbestos violations had anything to do with his termination.
Plaintiff has not pointed to any specific facts demonstrating a genuine issue for trial on the causation element of his wrongful termination claim. Because McNeil has satisfied its initial burden of demonstrating the absence of a genuine issue of material fact for the jury regarding the causation prong, Civ.R. 56(E) requires plaintiff to demonstrate a genuine issue for trial. Plaintiff has not done so, and summary judgment is appropriate on plaintiff's wrongful termination claim. Plaintiff's third assignment of error is overruled.
Finally, plaintiff contends that the trial court improperly ruled on Reeder's motion for summary judgment because plaintiff voluntarily dismissed Reeder as a co-defendant prior to the court's disposition of the summary judgment proceedings. The trial court ostensibly granted Reeder's motion for summary judgment in its August 6, 1998 decision granting McNeil's motion for summary judgment, notwithstanding plaintiff's May 29, 1998 voluntary dismissal of all claims against Reeder.
When a plaintiff files a Civ.R. 41(A) voluntary dismissal, the trial court is divested of all jurisdiction to hear the merits of the case against the defendant against whom the complaint was dismissed. See Hart v. Smolak (Sept. 5, 1995), Franklin App. No. 94APE12-1808, unreported (94 Opinions 3749). Any further judgment on the merits as to that party is void. Patton v.Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus (holding that a judgment rendered by a court lacking subject matter jurisdiction is void). Accordingly, the trial court's judgment granting Reeder's motion for summary judgment is of no effect because plaintiff voluntarily dismissed his claims against Reeder prior to the court's decision on the merits.
Having overruled all three of plaintiff's assignments of error, we affirm the judgment of the trial court relative to McNeil's motion for summary judgment. Because the trial court lacked jurisdiction to rule on Reeder's motion for summary judgment by virtue of plaintiff's voluntarily dismissing his claims against Reeder, we vacate that part of the trial court's judgment disposing of Reeder's motion for summary judgment.
Judgment affirmed in part and vacated in part.
TYACK and DESHLER, JJ., concur.