PATTON, APPELLANT, *v.* DIEMER, APPELLEE.

[Cite as Patton *v.* Diemer (1988), 35 Ohio St. 3d 68.]

(No. 86-1867—Decided February 3, 1988.)

Deborah Purcell Goshien, for appellant.

Mary Ann S. Johanek, for appellee.

SWEENEY, J. The instant appeal involves the interpretation of R.C. 2323.13 and its relationship to a confession of judgment obtained as a result of an action for attorney fees. R.C. 2323.13(A) authorizes the use of a warrant of attorney to confess judgment. It provides:

"An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section 1901.01 of the Revised Code, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a munici-

pal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk."

R.C. 2323.13(E) specifically precludes the use of a warrant of attorney to confess judgment where the underlying action involves a consumer transaction. It provides in relevant part:

"A warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant. An action founded upon an instrument arising out of a consumer loan or a consumer transaction as defined in this section is commenced by the filing of a complaint as in any ordinary civil action." (Emphasis added.)

R.C. 2323.13(E)(2) defines the term "consumer transaction." It provides:

"As used in this section:
"* * *
"* * * (2) 'Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible, to an individual for purposes that are primarily personal, family, educational, or household." (Emphasis added.)

The definition of "consumer transaction" contained within R.C. 2323.13 clearly encompasses the attorney-client relationship. Legal representation is undoubtedly a "service * * * to an individual for purposes that are primarily personal, family, educational, or household." Consequently, the at-

torney-client relationship is a "consumer transaction" as defined by R.C. 2323.13.

Appellant maintains that the attorney-client relationship is specifically exempted from the definition of consumer transaction by virtue of R.C. 1345.01(A). It provides in relevant part:

"As used in sections 1345.01 to 1345.13 of the Revised Code:

"(A) 'Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible, except those transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, those between attorneys, physicians, or dentists and their clients or patients, or those between veterinarians and their patients that pertain to medical treatment but not ancillary services, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." (Emphasis added.)

This argument fails for two reasons. As an initial matter, R.C. 1345.01(A), by its terms, applies only to "sections 1345.01 to 1345.13 of the Revised Code." Secondly, R.C. 1345.01(A) specifically excludes the attorney-client relationship, whereas no such exclusion is present in R.C. 2323.13. Clearly, if the General Assembly had intended to exempt the attorney-client relationship from the definition of "[c]onsumer transaction" contained in R.C. 2323.13(E)(2), it could have employed language of similar import to that utilized in R.C. 1345.01(A). Inasmuch as the legislature chose not to include such an exception it must be presumed that none was intended. Under such circumstances this court is not disposed to supply an exception where none exists by statute.

A warrant of attorney to confess judgment which has as its basis a consumer transaction is rendered wholly invalid by operation of R.C. 2323.13 (E). More significantly, a common pleas court lacks jurisdiction to render judgment upon a warrant of attorney pursuant to R.C. 2323.13 where the relationship giving rise to the claim for relief involves a consumer transaction.

It is therefore apparent that the common pleas court lacked jurisdiction to render the March 6, 1985 judgment. Nevertheless, appellant maintains that the common pleas court erred when it vacated the March 6, 1985 judgment on April 22, 1986. Appellant contends that the vacation of the March 6, 1985 judgment was erroneous because appellee failed to demonstrate any of the grounds for relief from judgment prescribed by Civ. R. 60(B). However, a judgment rendered by a court lacking subject matter jurisdiction is void ab initio. Consequently, the authority to vacate a void judgment is not derived from Civ. R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. See Staff Notes to Civ. R. 60(B); Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61, 59 O.O. 74, 133 N.E. 2d 606, paragraph one of the syllabus; Westmoreland v. Valley Homes Corp. (1975), 42 Ohio St. 2d 291, 294, 71 O.O. 2d 262, 264, 328 N.E. 2d 406, 409.

It was neither incumbent upon appellee to establish a basis for relief under Civ. R. 60(B) nor was it necessary for the common pleas court to derive its authority therefrom. Rather, the "judgment" sought to be vacated constituted a nullity. It was therefore within the inherent power of the trial court to vacate the March 6, 1985 judgment and to reinstate the cause for trial.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.