OPINION
Second petitioner James A. Stansbury appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which vacated its prior judgment sua sponte, finding it lacked jurisdiction to make its prior order. Appellant assigns three errors to the trial court:
 ASSIGNMENTS OF ERRORS
I. IS THE 2D PETITIONER PERMITTED TO SEEK A MODIFICATION OF CHILD SUPPORT AND/OR SPOUSAL SUPPORT.
II. IF THE 2D PETITIONER IS NOT PERMITTED TO SEEK A MODIFICATION OF CHILD SUPPORT AND/OR SPOUSAL SUPPORT IS HE BEING DENIED DUE PROCESS UNDER STATE LAW AND/OR FEDERAL LAW.
III. IF 28 U.S.C. § 1738 (B) PRECLUDES MODIFICATION OF CHILD SUPPORT AND/OR SPOUSAL SUPPORT DOES IT VIOLATE U.S. CONSTITUTION ARTICLE 4 SEC. 1 BY FAILING TO GIVE FULL FAITH AND CREDIT TO THE STATE LAWS OF ILLINOIS AND OHIO?
In its judgment entry of December 22, 1998, the trial court set forth the complex factual and legal circumstances of this case. Appellant and first petitioner-appellee Carol B. Stansbury dissolved their marriage in Cook County, Illinois, in 1991. The Illinois court ordered permanent spousal support of $3,500 per month, and child support in the amount of $1500 per month for the parties' two children, with a condition the child support be reduced to $1000 per month when the older child is emancipated or graduates from high school. The record does not reflect when appellant relocated to Ohio, but in 1995, appellant filed a petition to modify the spousal support and child support orders in Cook County, Illinois. Both parties represent the Illinois trial court has yet to rule on the motion, which remains pending in Cook County, Illinois. Appellant's reason for modification of the spousal and child support orders is that his income has drastically dropped. On October 24, 1996, appellee filed a URESA petition, attempting to register the Illinois decree in Licking County. This first request pertained only to child support. The request alleged appellant resided in Licking County, while appellee was a resident of Illinois. In December of 1996, the trial court confirmed the registration of the Illinois decree as it pertained to child support. Thereafter, on May 2, 1997, the Child Support Enforcement Agency filed an amended request to register the decree as it pertained to the spousal support order. Appellant objected to the registration request, urging his income had decreased since the original order was filed, and asking the court to stay his obligation pending an evidentiary hearing on appellant's income level. The court found appellant's objections addressed the amount of child and spousal support, and not the validity of the registration. On June 17, 1997, the trial court confirmed the registration of the Illinois decree. It appears that by this time, the older of the parties' children had reached the age of majority and graduated from high school. The younger child resided with appellee in Illinois. The Child Support Enforcement Agency held an evidentiary hearing, and modified appellant's child support obligation to $352.30 per month. Appellee objected to the modification, and the court referred the matter to a magistrate for review. The magistrate affirmed the modification of the child support amount. Neither party objected to the decision, and on June 2, 1998, the trial court accepted the magistrate's decision. On July 22, 1998, the administrative hearing officer filed a document entitled Findings and Recommendations of Administrative Mistake of Fact Hearing Officer. The document indicates appellant had requested the Licking County Child Support Enforcement Agency to review its finding regarding the child support arrearage. The hearing officer issued a holding order to appellant's bank to deduct $3500 per month plus a processing charge to pay appellant's child support and spousal support obligation, both the continuing amount and the arrearages. Appellant appealed the administrative finding, and moved to modify the spousal support obligation based upon the same change of circumstances appellant cited to modify his child support obligation. The magistrate issued a decision on December 2, 1998, modifying appellant's spousal support obligation to $150 per month, effective May 3, 1995. CSEA objected to the magistrate's report, only as to the effective date of the spousal support obligation modification. CSEA did not object to the court's jurisdiction to modify the award. When the trial court reviewed the matter, it sua sponte re-examined whether it had subject matter jurisdiction to modify respondent's child support obligation. The trial court found it did not have jurisdiction to modify the child support order pursuant to 28 U.S.C. § 1738, the Full Faith And Credit for Child Support Orders Act, R.C. 3115.32, as amended effective January 1, 1998. Accordingly, the court found its June 2, 1998 judgment entry was void. The court found the Illinois court retained exclusive jurisdiction over the issue of modification of the child support obligation. This appeal ensued.
 I
In his first assignment of error, appellant asks us what the law applicable to his motion for modification of child support should be. R.C. 3115.01 et seq., Ohio's version of the Uniform Reciprocal Enforcement of Support Act, URESA, was in effect prior to January 1, 1998. On January 1, 1998, Ohio enacted its version of the Uniform Interstate Family Support Act, UIFSA, codified in Chapter 3115. In addition, 28 U.S.C. § 1738, the Full Faith and Credit for Child Support Orders Act (FFCCSOA) was effective October 10, 1994. Appellant initiated this action in the administrative forum of CSEA prior to UIFSA. Under the prior URESA proceeding, Ohio courts have differed regarding whether a trial court has jurisdiction to modify a foreign order registered in Ohio. The language in Ohio's URESA statute had been construed by some appellate courts to permit a trial court to modify a registered foreign order. The statutory language provided that once a foreign order is registered, it is treated in the same manner as a support order issued by a court of Ohio. The foreign order was subject to the same procedure, defenses, and proceedings for re-opening, vacating and staying, and was to be enforced in the same manner. When the Full Faith and Credit for Child Support Orders Act became effective, the courts began to hold the federal statute deprived Ohio courts of jurisdiction to modify an amount of child support order entered by another state and registered under URESA, see Paton v. Brill (1995), 104 Ohio App.3d 826. The Full Faith and Credit for Child Support Orders Act requires each state to enforce a child support order made by a court of another state. Pursuant to the statute, courts should refrain from modifying a foreign order unless the court of the other state no longer has continuing and exclusive jurisdiction of the child support order either because the child or any contestant is no longer a resident of the state, or each party has filed written consent in the original state, agreeing to permit the new state to modify the order. Thereafter, Ohio enacted the UIFSA on January 1, 1998, which provides Ohio courts may not modify a registered order if the issuing tribunal still has jurisdiction. As the trial court noted, URESA was originally enacted to afford a method to enforce the legal obligations of an obligor even if the obligor has left the state where the child resides, see Levi v. Levi (1960), 170 Ohio St. 533. This goal was frustrated when courts registered foreign orders as if they had originated in Ohio. This is the reason for the Full Faith and Credit for Child Support Orders Act, and the reason why Ohio adopted UIFSA. Appellant's motion to modify was filed prior to the effective date of UIFSA, but after the effective date of the Full Faith and Credit for Child Support Orders Act. We find the Full Faith and Credit for Child Support Orders Act precluded the trial court from obtaining jurisdiction to modify the amount of child support ordered to pursuant to the original Cook County, Illinois divorce decree. A judgment rendered by a court that lacks subject matter jurisdiction is void ab initio, Patton v. Diemer (1988), 35 Ohio St.3d 68. Although it unusual for a trial court to sua sponte find it lacks jurisdiction and to declare its earlier, unappealed judgment to be void, certainly it is always appropriate for a trial court, or an appellate court for that matter, to review the matter before it to determine jurisdiction even if none of the parties have brought the issue to the court's attention. We find the matter was properly before the trial court on the objection of CSEA, and it was appropriate for the trial court to determine the jurisdictional issue sua sponte. The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges if he is not permitted to seek a modification of child support, then he is denied due process under State and Federal law. As the trial court correctly pointed out, appellant has the option of seeking modification in Illinois, and in fact, appellant has a pending motion in that forum which addresses this very issue. There is nothing in either the Full Faith and Credit for Child Support Orders Act or in any order entered by the trial court which would preclude Illinois from proceeding on appellant's motion for modification, and ruling on its merits. The second assignment of error is overruled.
 III
Finally, appellant argues 28 U.S.C. § 1738, the Full Faith and Credit for Child Support Orders Act violates the United States Constitution, because it does not give full faith and credit to the state law of Illinois and Ohio. Appellant asserts both Ohio and Illinois state statutes permitted those states' courts to modify foreign child support orders. We find the statute does not fail to give full faith and credit to the state laws of Illinois and Ohio, because 28 U.S.C. § 1738 (B) does provide procedures under which a state may properly modify a foreign child support judgment. The federal statute merely provides a vehicle to achieve the ultimate goal of all state courts, namely to provide an efficient and practical means by which minor children of this country receive child support from their parents, regardless of where the parents reside. We also note Ohio has since enacted its UIFSA statute which redefines Ohio courts' authority to modify foreign orders. The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur