OPINION
Elizabeth Sybenga, the mother of Nathaniel Sybenga, is appealing from the decision of the trial court overruling her motion to vacate its earlier decision finding that Nathaniel was emancipated and, as a consequence, reducing the total amount of child support that his father, Eric Sybenga, had been ordered to pay to Elizabeth[1]. The grounds of the motion was that the decision was void ab initio because the court lacked jurisdiction to modify the support decree., Appellee, Eric Sybenga, did not file a brief. We take the following facts, therefore, from the brief of the appellant, as we are allowed to do by App.R. 18(C). The parties were divorced in the Commonwealth of Massachusetts by virtue of a Judgment of Divorce Nisi dated August 1, 1994. They entered into an agreement allocating all aspects of support, custody, visitation, and property, which was attached and incorporated into the Final Decree of Divorce. Subsequently, the issues of custody and support were modified by the Massachusetts Probate and Family Court on September 4, 1996. The present action began with a petition to enforce that modified order of support in accordance with the Uniform Reciprocal Support Enforcement Act (URESA), filed on May 29, 1997, by the Commonwealth of Massachusetts in Montgomery County, Ohio. At the time of the divorce, appellant Elizabeth was and remains to this day a resident and domiciliary of Massachusetts, and the three children live there with her. Appellee, Eric, moved to Ohio, however, and was not in compliance with the Massachusetts URESA child support order of $174.94 per week. The Massachusetts court did not specify any amount per child. After a hearing, but without notice or service on the appellant[2], the trial court in Montgomery County, Ohio, found one child, Nathaniel, to be emancipated and altered the amount of support to $379.04 per month for the remaining two children. This was an Agreed Entry filed December 23, 1997, between the Montgomery County Prosecutor's Office and appellee, Eric.
When appellant, Elizabeth, learned of the emancipation and resulting modification of child support, she entered a limited appearance through counsel and moved to vacate the order on the grounds the trial court lacked jurisdiction and the order was therefore void ab initio. By decision and judgment filed December 29, 1998, the trial court denied the motion to vacate with the following explanation:
 Choosing the date at which the termination of support becomes effective due to the minor child being emancipated is not a modification of the support order, rather it is an interpretation of duties of support. Little v. Little (1991), Ohio App. 2d Dist. LEXIS 1902 (1991). Pursuant to O.R.C. § 3115.06, duties of support applicable under §§ 3115.01
and 3115.34, inclusive, of the Revised Code, are those imposed under the laws of any state where the obligor was present for the period during which support is sought. Mr. Sybenga was a resident of the state of Ohio during the time in which support was sought, and therefore the duties of support, including the date of emancipation and termination of support, are to be interpreted by Ohio law. See Little (1991), Ohio App. 2d Dist. LEXIS 1902 (1991). In Ohio the duty of support ends once the minor child reaches the age of eighteen (18) and the minor child is no longer enrolled full time in an accredited high school. See O.R.C. § 3103.03(B). The record clearly indicates that Nathaniel has reached the age of eighteen (18) and is no longer enrolled full time in an accredited high school. Thus, under Ohio law Mr. Sybenga no longer owes a duty of support to Nathaniel. (Docket 30)., Appellant, Elizabeth, timely appealed the decision, presenting the following two assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT APPROVED AND JOURNALIZED THE AGREED MAGISTRATE'S DECISION AND JUDGE'S ORDER OF DECEMBER 23, 1997, AND WHEN IT APPROVED THE MAGISTRATE'S DECISION OF JULY 13, 1998, AS THE TRIAL COURT LACKED JURISDICTION TO MODIFY THE DECISION OF THE COMMONWEALTH OF MASSACHUSETTS UNDER THE PROVISIONS OF THE UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT AS ADOPTED IN OHIO AND 28 U.S.C.A § 1738B.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO VACATE BASED UPON APPELLANT'S MOTION DIRECTING THE COURT'S ATTENTION TO THE LACK OF JURISDICTION IN REGARDS TO THE DECISIONS PREVIOUSLY RENDERED IN THIS CASE.
Since both assignments of error raise essentially the same question, that is, whether the court's order changing the total amount of child support is void ab initio because of lack of jurisdiction, we will deal with them together. We agree with the appellant that the trial court's order was void ab initio. Eric will have to seek any modifications of the order in Massachusetts.
Under URESA each state must enforce according to its terms a child support order made consistently with URESA statutes by another state which has continuing and exclusive jurisdiction over the issue of child support. 28 U.S.C.A § 1738B. Massachusetts has such jurisdiction in this case both because the child resides there and Elizabeth resides there. Id.
In a case very similar to the one before us, the Twelfth District Court of Appeals recently found that the trial court did not have subject matter jurisdiction to find a child emancipated and terminate its child support and, therefore, the trial court's order was void ab initio. Vlahos v. Spina (May 26, 1998), Butler App. No. CA 97-02-028, unreported.
The trial court's reliance on the decision by this court inLittle v. Little, supra, is misplaced. In Little, both parents had left the jurisdiction of the original state, Florida, and since the obligor was domiciled in Ohio, Ohio properly had jurisdiction to modify the support order. Furthermore, the Little
case predates the Full Faith and Credit for Child Support Orders Act of 28 U.S.C.A § 1738B and the Revised Code Sections cited by the trial court are not controlling after the enactment of that Act.Paton v. Brill (1995), 104 Ohio App.3d 826.
We note, for procedural purposes, that the motion seeking the vacation of the void judgment was properly styled as such and not as a motion under Civ.R. 60(B). "The authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." Patton v. Diemer
(1988), 35 Ohio St.3d 68, paragraph 4 of the syllabus. This court has recognized the inherent power of a court to vacate a void judgment at any time. Stringfellow v. Stringfellow (March 1, 1993), Clark App. No. 2970, unreported.
Both assignments of error are sustained, the order finding Nathaniel emancipated and modifying child support is vacated, and the case is remanded for further proceedings consistent with this opinion.
GRADY, P.J., and WOLFF, J., concur.
Copies mailed to:
L. Anthony Lush
Eric Sybenga
Hon. Nick Kuntz
[1] For purposes of clarity, the parties will be referred to by their first names.
[2] However, the Massachusetts government office which filed the petition was notified of the proceedings.