COLONIAL INSURANCE COMPANY OF CALIFORNIA, Appellee,

v.

OHIO UNIVERSITY, Appellant.

[Cite as *Colonial Ins. Co. of California v. Ohio Univ.* (1999), 136 Ohio App.3d 36.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–46.

Decided Dec. 9, 1999.

*Uhlinger & Keis* and *Patrick J. O'Malley,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Gregg H. Bachmann,* Assistant Attorney General, for appellant.

---

PEGGY BRYANT, Judge.

Defendant-appellant, Ohio University, appeals from a judgment of the Ohio Court of Claims awarding plaintiff-appellee, Colonial Insurance Company of

California, $6,301.50 in its subrogation action against defendant. Defendant assigns a single error:

"The trial court erred as a matter of law in asserting jurisdiction over and in awarding damages for a subrogation claim filed by an insurance company in the Court of Claims against a state entity, Ohio University."

Because the trial court lacked jurisdiction to consider plaintiff's claim, we reverse.

On May 19, 1997, plaintiff filed a complaint against defendant in the Ohio Court of Claims seeking to recover $6,301.50, the sum it paid to its insureds as a result of an automobile accident involving an employee of defendant. Defendant responded with a motion to dismiss, contending (1) that the trial court lacked jurisdiction to consider plaintiff's claim and (2) that plaintiff's complaint failed to state a claim upon which relief could be granted against defendant. The trial court overruled defendant's motion, and defendant filed an answer.

Following discovery, the parties stipulated the following: On May 19, 1995, plaintiff's insureds were involved in an accident caused by Chad R. Hensworth, who was an employee of defendant acting in the course and scope of his employment at the time of the accident. As a result of the collision, the car operated by plaintiff's insured was damaged in the amount of $5,265.15. Moreover, occupants of the car sustained injuries resulting in medical and hospital expenses that brought the total damages to $6,301.50. Given the parties' stipulations, the trial court determined that the only issue remaining was "this court's jurisdiction over plaintiff's subrogation claim."

The parties submitted briefs on that issue, plaintiff contending that this court's decision in *Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp.* (1976), 2 O.O.3d 27, allows a subrogated casualty insurer to sue the state of Ohio in the Court of Claims for the amount of its subrogated claim. Defendant, however, asserted that neither an injured claimant nor an insurance company may claim such damages, as they represent a "collateral recovery" under R.C. 2743.02(D).

By judgment entry filed October 15, 1998, the trial court rejected defendant's contentions and rendered judgment in favor of plaintiff in the amount of $6,301.50. Defendant did not appeal the judgment.

On November 9, 1998, defendant filed a motion to vacate the judgment, contending that the judgment entered October 15, 1998 was void *ab initio* for a lack of subject matter jurisdiction. Specifically, defendant asserted that under R.C. 3345.40(B)(2), the court lacked jurisdiction to hear an insurer's subrogation claim against a state university or college. Following briefing, the trial court rejected defendant's argument and overruled the motion to vacate. Defendant

appeals, contending that the trial court erred as a matter of law in asserting jurisdiction over and in awarding damages to plaintiff on plaintiff's subrogation claim against a state university.

■ To the extent that defendant attempts through this appeal to attack the rationale of the trial court's October 15, 1998 decision to award damages to plaintiff, we agree with plaintiff that this court lacks jurisdiction to reach that issue. The trial court's decision of October 15, 1998, rejected defendant's contention that plaintiff's claim is barred by the "collateral recovery" language of R.C. 2743.02(D). To contest that statutory interpretation, defendant was required to file a notice of appeal within thirty days. App.R. 4(A). Instead, defendant filed a motion to vacate the judgment, contending that the trial court lacked subject matter jurisdiction. While defendant timely appealed that latter ruling, its appeal is limited solely to our determining whether the trial court had subject matter jurisdiction to consider plaintiff's subrogation claim against a state university. Of course, if the trial court lacked subject matter jurisdiction, its October 15, 1998 judgment is void in its entirety, including its interpretation of R.C. 2743.02(D).

Pertinent to a determination of the jurisdictional issue before us is R.C. 2743.02(A)(1), which states:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, *except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code,* and except as provided in division (A)(2) of this section." (Emphasis added.)

R.C. 2743.02(A)(1) thus refers to R.C. 3345.40, which states:

"(B) Notwithstanding any other provision of the Revised Code or rules of a court to the contrary, *in an action against a state university or college to recover damages for injury, death, or loss to persons or property caused by an act or omission of any * * * employee of the state university * * * while acting within the scope of his employment * * ** the following rules *shall* apply:

" * * *

"(2) If a plaintiff receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against the state university or college recovered by the plaintiff. *No insurer or other person is entitled to bring a civil action under a*

*subrogation provision in an insurance or other contract against a state university or college with respect to such benefits.*" (Emphasis added.)

■ Relying on R.C. 3345.40(B)(2) and *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, defendant contends that the Court of Claims lacked jurisdiction to consider plaintiff's claim against defendant. In *Patton,* the plaintiff, Richard Patton, sought to recover on a cognovit note signed by Thomas Diemer. Although the trial court entered judgment on the note, no appeal was taken. Sometime later, Diemer sought relief from judgment under Civ.R. 60(B). The Ohio Supreme Court held that, under the facts of that case, the common pleas court lacked jurisdiction to render judgment on a warrant of attorney under R.C. 2323.13. Moreover, the court noted that Diemer did not have to establish a basis for relief under Civ.R. 60(B), as the judgment sought to be vacated was a nullity, giving the trial court the inherent power to vacate the judgment.

Although R.C. 3345.40(B)(2), unlike R.C. 2323.13, does not unequivocally state that the court lacks jurisdiction to consider a subrogation action against a state university or college, we are compelled to agree with defendant that the Court of Claims lacked subject matter jurisdiction over plaintiff's complaint.

■ The common pleas court in *Patton* stands in contrast to the Ohio Court of Claims. The common pleas courts in Ohio are established by constitution; the broad grant of jurisdiction enjoyed under the constitution is limited by the language of R.C. 2323.13(E). The Ohio Court of Claims, however, is not established by the Ohio Constitution, but was created by R.C. Chapter 2743. A court created by statute "has limited jurisdiction, exercising only such powers as are directly conferred by legislative enactment." *Oakwood v. Wuliger* (1982), 69 Ohio St.2d 453, 454, 432 N.E.2d 809; see, also, *State ex rel. Johnson v. Perry Cty. Court* (1986), 25 Ohio St.3d 53, 54, 25 OBR 77, 77–78, 495 N.E.2d 16. R.C. 2743.02 states that "[t]he state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, *except that* the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code * * *." By virtue of R.C. 2743.02 and 3345.40(B)(2), the Court of Claims is not granted authority to hear plaintiff's subrogation action against defendant.

In the final analysis, because R.C. 3345.40(B)(2) specifically excepts actions such as plaintiff's from the jurisdiction of the Court of Claims, that court lacked subject matter jurisdiction over plaintiff's complaint against defendant, a state university. Moreover, because the trial court lacked subject matter jurisdiction,

its judgment on plaintiff's claim is a nullity. The trial court erred in overruling defendant's motion to vacate.

For the foregoing reasons, defendant's single assignment of error is sustained. The judgment of the trial court is reversed, and this matter is remanded to the trial court to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

*Judgment reversed*
*and cause remanded with instructions.*

BROWN and TYACK, JJ., concur.