JOURNAL ENTRY AND OPINION
Carol Alborn appeals from a judgment of the common pleas court which vacated a $500,000 default judgment against Berta Bacher, fna Berta Feeney, in connection with a negligence action filed by Alborn against Bacher arising out of a motor vehicle accident. On appeal, Alborn contends that the trial court abused its discretion in vacating the judgment, asserting that Civ.R. 60(B) does not afford relief in this case and claiming that Bacher's motion for relief from judgment had not been timely filed. After a careful review of the facts and the applicable law, we have determined that Alborn did not obtain good service on Bacher; accordingly, based on the analysis offered in Patton v. Diemer (1988), 35 Ohio St.3d 68, we have concluded the court lacked jurisdiction to enter a default judgment in this case and therefore had inherent authority to vacate its judgment. We therefore affirm the judgment of the court.
According to the complaint, on October 31, 1993, as Alborn's vehicle traveled southbound on York Road in Parma Heights, Bacher struck her vehicle as she exited a driveway. Alborn sued Bacher alleging negligence in failing to yield the right of way, but voluntarily dismissed that case one day before a scheduled trial.
Thereafter, on January 6, 1999, Alborn refiled her case against Bacher and attempted service via certified mail at 6967 York Road #110, in Parma Heights, Bacher's address, but failed to obtain service because Bacher had moved.
On July 2, 1999, Alborn filed an affidavit for service by publication, which listed the efforts she had made to ascertain Bacher's address: service at Bacher's last known address, search of telephone directories, and personal inquiry at Bacher's old address. Alborn then attempted to serve Bacher by publication, by placing a notice which appeared in the Daily Legal News in July, 1999.
When Bacher did not file an answer or a responsive pleading, Alborn moved for default, and, on December 14, 1999, the trial court granted a $500,000 default judgment against Bacher.
More than a year later, on December 26, 2000, Alborn filed a judgment lien against Bacher and, on January 18, 2001, her counsel sent a letter to Bacher at 7102 Theota Avenue, Parma, notifying her of the judgment lien.
On February 9, 2001, less than a month after learning of the default judgment, Bacher moved to vacate it in accordance with Civ.R. 60(B)(3) and (5). In her brief in support, Bacher attached an affidavit stating that she received neither the summons nor any correspondence from Alborn or Alborn's counsel regarding the refiled lawsuit; that she has resided at 7102 Theota Avenue in Parma since January 1999; and that the Ameritech telephone directory listed her address and telephone number.
On February 26, 2001, the court granted the motion, vacated the default judgment, and reinstated the case. Subsequently, on March 1, 2001, Alborn filed a brief in opposition to Bacher's motion together with two affidavits: hers, stating that in an effort to locate Bacher, she called 411 but could not locate a listing for either Berta Feeney or Berta Bacher, and another from a legal assistant at her former counsel's law firm to the effect that Ameritech published the 1999-2000 telephone directory on May 1, 1999.
With that state of the record, Alborn now appeals, pro se, from the order of the court which vacated the judgment, raising a single assignment of error, which states:
 THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED CIVIL RULE 60(B), WHEN GRANTING DEFENDANTS [SIC] MOTION TO VACATE THE JUDGMENT.
Alborn argues that the trial court abused its discretion when it granted Bacher's motion in violation of Civ.R. 60(B).
Civ.R. 60(B) states, in relevant part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
(4) the judgment has been satisfied * * *; or
 (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons
 (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
In particular, Alborn asserts that Bacher is not entitled to Civ.R. 60(B) relief because she did not satisfy all the criteria set forth by the court in GTE Automatic Elec., Inc. v. ARC Industries, Inc.(1976),47 Ohio St.2d 146, which held that in order to prevail, a movant must demonstrate that: (1) the party has a meritorious defense; (2) the party is entitled to relief under one of the grounds set out in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time.
Bacher contends that because Alborn failed to exercise reasonable diligence in trying to locate her, Alborn improperly utilized service by publication in this case; Bacher further contends that she relied upon the any other reason justifying relief provision of Civ.R. 60(B)(5), which requires the motion to be filed within a reasonable time, and she asserts that she filed hers within one month of the time she discovered the default judgment. Bacher therefore maintains that the court did not abuse its discretion when it granted relief from the $500,000 default judgment.
The issue then presented for our consideration concerns whether the court abused its discretion in granting Bacher's motion for relief from judgment. To resolve that issue, we need to first determine whether Alborn used reasonable diligence in trying to locate Bacher before utilizing service by publication.
Civ.R. 4.4(A) provides for service by publication. It states, in relevant part:
 * * * [I]f the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence."
(Emphasis added.)
In Sizemore v. Smith (1983), 6 Ohio St.3d 330, where counsel contacted the Post Office and his client in an attempt to locate a defendant's address before using service by publication, the court held that such minimal efforts did not constitute reasonable diligence entitling a plaintiff to serve a defendant by publication. In that case, the court quoted from Black's Law Dictionary and stated the following:
 Black's Law Dictionary (5 Ed. 1979), at 412, defines "reasonable diligence" as "[a] fair, proper and due degree of care and activity, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity." As indicated by the above definition, what constitutes reasonable diligence will depend on the facts and circumstances of each particular case. A careful examination of appellee's efforts demonstrates that they were perfunctory. * * *
* * *
 * * * Reasonable diligence requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address.
(Emphasis added.)
Furthermore, in Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61, the court held: It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void. See, also, Cincinnati Sch. Dist. Bd. Of Edu. v. Hamilton Cty. Bd. Of Revision (2000), 87 Ohio St.3d 363; a judgment rendered without personal jurisdiction over a defendant is void ab initio. See Patton, supra; CompuServe, Inc. v. Trionfo (1993),91 Ohio App.3d 157.
The court in Cincinnati Sch. Dist. Bd. Of Edu. also reiterated the Ohio law regarding the vacating of a void judgment:
 In Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, the defendant, using Civ.R. 60(B), sought to vacate a judgment that was void ab initio. The plaintiff contended that the defendant had failed to demonstrate any of the grounds for relief prescribed by Civ.R. 60(B). We held that the court could vacate the judgment, stating, "The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts." Paragraph four of the syllabus. See, also, Staff Notes to Civ.R. 60(B). In Van DeRyt v. Van DeRyt (1966), 6 Ohio St.2d 31, 36, 35 Ohio Op. 2d 42, 45, 215 N.E.2d 698,704, we stated, "A court has an inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." The term "inherent power" used in the two preceding cases is defined in Black's Law Dictionary (6 Ed. 1990) 782 as "an authority possessed without its being derived from another. A right, ability, or faculty of doing a thing, without receiving that right, ability, or faculty from another."
(Emphasis added.)
Here, Alborn alleges that she exercised reasonable diligence in her efforts to locate Bacher, claiming that after attempting to serve Bacher in the second lawsuit at 6967 York Road without success, she consulted the Cleveland Metropolitan Area White Pages for Bacher's address, urging that even though the 1999-2000 issue of the White Pages listed Bacher's Theota Avenue address, that edition had not been published until after May, 1999. She also claims her efforts to find Bacher included inquiring about her in the York Road apartment complex where she previously resided.
The record before us reveals however that Alborn did not file her affidavit for service by publication until July, 1999, subsequent to the telephone directory listing containing Bacher's Theota Avenue address, and she never inquired of the Ohio Bureau of Motor Vehicles, or contacted counsel who had represented Bacher in the first lawsuit, or Bacher's insurance carrier, or utilized the address given by Bacher in her deposition taken in the first lawsuit, in an effort to locate Bacher.
Thus, the question here becomes whether or not the efforts made to locate Bacher in this case satisfy the reasonable diligence standard of Civ.R. 4.
Despite her claim that she used reasonable diligence to locate Bacher, the record demonstrates that Alborn failed to take the steps which a person of ordinary prudence would reasonably expect to be successful. The efforts at ascertaining Bacher's residence address in this refiled case — where the previous suit had been contested, but voluntarily dismissed by Alborn one day before trial — which consist of attempting service at the last known address, searching telephone directories, and personal inquiry by plaintiff, do not constitute reasonable diligence entitling Alborn to utilize service by publication. See Sizemore, supra.
In this regard, Alborn argues that a party to a previous lawsuit has an obligation to continuously monitor newspapers of general circulation for notice of service by publication, citing Hrabak v. Collins (1995),108 Ohio App.3d 117. In that case, the Hrabaks refiled their case after the trial court had dismissed their first action for failure to obtain service; in their refiled case, the Hrabaks served the defendant by publication after several unsuccessful attempts to locate the defendant: pursuing the address found in the police report, contacting the United States Postal Service, checking with the Bureau of Motor Vehicles, searching telephone directories, and contacting the defendant's insurance carrier and defense counsel. On these facts, our court upheld the trial court's denial of a motion for relief from a default judgment, stating:
 The overriding considerations in this case are that [the defendant's] counsel knew of pending litigation and continuing efforts to serve his client. Clearly, this imposes a duty on counsel to monitor newspapers of general circulation for such notices of service by publication.
We recognize that a party to a lawsuit has an obligation to monitor the progress of a lawsuit if aware that an action is pending; in this case, however, neither Bacher nor her counsel knew that the lawsuit had been refiled, and unlike Hrabak, no effort had been made to contact Bacher's former counsel or her insurance carrier in an effort to obtain her address. Hrabak is therefore distinguishable on its facts from this case.
On the basis of the foregoing, we conclude Alborn did not obtain good service on Bacher. And, without proper service, the trial court lacked jurisdiction to enter a judgment against Bacher, and any judgment it rendered is void ab initio.[1] Although the parties here have framed the issue before our court as one involving the trial court's abuse of discretion in granting the Civ.R. 60(B) motion for relief from judgment, we recognize where a judgment is void ab initio, a trial court has the inherent authority to vacate such a judgment. See Cincinnati Sch. Dist. Bd. Of Edu., supra. Since at the time it entered the $500,000 default judgment against Bacher the court lacked jurisdiction over Bacher, it entered a void judgment and the trial court therefore had inherent authority to vacate such a void judgment.
For these reasons, we affirm the judgment of the court granting relief from the default judgment and remand this case to the trial court for further proceedings.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and COLLEEN CONWAY COONEY, J. CONCUR.
[1] A court could acquire jurisdiction over a defendant through a proper service of process or an entry of appearance by the defendant. See Cincinnati, supra. Here, it is undisputed that Bacher never entered an appearance in the refiled action, the only issue to be resolved being whether proper service existed.