JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Majestic Steel Service, Inc. (Majestic Steel), appeals from a decision of the Cuyahoga County Court of Common Pleas that refused to award liquidated damages and attorney fees pursuant to a Settlement Agreement entered into with defendants-appellees, Micah Disabato (DiSabato) and Integrity Steel Service, Inc. (Integrity Steel). For the following reasons, we vacate the order in its entirety.
On January 8, 1999, Majestic Steel filed a complaint against DiSabato, its former employee, alleging that DiSabato violated the terms of a non-competition and confidentiality agreement when he accepted employment with Integrity Steel. Majestic Steel alleged that DiSabato had misappropriated customer lists and other confidential information and was currently using that information to illegally compete with Majestic Steel. Majestic Steel sought to enjoin DiSabato from using that information.
On December 21, 2000, the parties executed a Settlement Agreement and Release (the Agreement). The Agreement contained a Non-Solicitation and No Sale Agreement in which DiSabato and Integrity agreed not to solicit or sell to twenty-five (25) of Majestic Steel's customers (the Restricted Customer List). This list was attached as Exhibit B to the Agreement. The Agreement also provided for the recovery of liquidated damages, costs, and attorneys' fees for any violation of the non-solicitation and no sale provision.
On December 26, 2000, the parties informed the court that they had reached a settlement and filed a "Voluntary Notice of Dismissal with Prejudice" pursuant to Civ.R. 41(A). Accordingly, on December 27, 2000, the trial court signed and filed a judgment entry, which stated as follows: Voluntary notice of dismissal with prejudice. Final. The trial court's accompanying half-sheet entry also noted the judgment was "final."
On February 2, 2001, DiSabato and Integrity Steel filed a Motion to Modify Settlement Agreement, claiming that one of the customers on the Restricted Customer List, Waldinger Corp., Des Moines, IA (Waldinger-Iowa), was a mistake. In response, Majestic Steel filed a Motion to Compel Compliance with Settlement Agreement and For an Award of Attorneys' Fees, claiming that DiSabato and Integrity Steel were violating the terms of the Agreement by soliciting and selling to Waldinger-Iowa.
On February 28, 2001, the trial court, in two separate judgment entries, denied DiSabato's and Integrity Steel's motion to modify, denied Majestic Steel's motion for attorneys' fees and granted only in part Majestic Steel's motion to enforce the settlement agreement. Specifically, the trial court ordered DiSabato and Integrity Steel to cease and desist from making any sales or solicitations to Waldinger-Iowa, but denied Majestic Steel's request for 30% of the total gross amount of any sales or solicitations made to Waldinger-Iowa.
It is from the trial court's refusal to enforce the liquidated damages and attorneys' fees provisions of the Settlement Agreement that Majestic Steel now appeals.
 I. THE TRIAL COURT ERRED IN REFUSING TO ENFORCE THE LIQUIDATED DAMAGES PROVISION OF THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES.
 II. THE TRIAL COURT ERRED IN REFUSING TO ENFORCE THE ATTORNEYS' FEES PROVISION OF THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES.
Although Majestic Steel asserts two assignments of error with regard to the trial court's order disposing of its motion to enforce the settlement agreement, this court need not address them since the record clearly demonstrates the trial court had no authority to enter the order.
A trial court possesses the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit. Mack v. Polson (1984), 14 Ohio St.3d 34; Spercel v. Sterling Industries (1972),31 Ohio St.2d 36. However, if a trial court "unconditionally dismisses" an action, the court is without any jurisdiction to take further action on the case, including efforts to enforce a settlement agreement arising out of the dismissed action. State ex rel. Rice v. McGrath (1991),62 Ohio St.3d 70, 71; Cinnamon Woods Condo. Ass'n v. Divito (Feb. 3, 2000), Cuyahoga App. No. 76903, unreported; Berger v. Riddle (Aug. 18, 1994), Cuyahoga App. Nos. 66195 and 66200, unreported.
Here, the trial court's judgment entry of December 27, 2000 stated only that the case was dismissed with prejudice. It failed to state that the case had been "settled," failed to incorporate the purported settlement agreement into the final journal entry and failed to state that the court retained any jurisdiction to enforce the terms of the purported settlement. Thus, it was an unconditional dismissal and the trial court lost jurisdiction over the entire action, including the settlement agreement, at that time. Ibid; Tepper v. Heck (Dec. 10, 1992), Cuyahoga App. No. 61061, unreported; Prudential Property Casualty Ins. Co., Inc. v. LMI Insurance Co. (Mar. 7, 1997), Richland App. No. 96 CA 32, unreported; Hart v. Smolak (Sep. 5, 1995), Franklin App. No. 94APE12-1808, unreported; Lucarelli v. Westbay (July 10, 1987), Trumbull App. No. 3623, unreported.
A judgment rendered by a court that lacks subject matter jurisdiction is void ab initio. Patton v. Diemer (1988), 35 Ohio St.3d 68. Accordingly, since the trial court lacked subject matter jurisdiction to rule on Majestic Steel's motion to enforce a settlement agreement, its order was void ab initio, and this court has the inherent authority to vacate it. Id. at 70.
The order of the trial court, accordingly, is vacated.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and ANN DYKE, J., CONCUR.