This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Joseph Tomecko, appeals from a judgment of the Lorain County Court of Common Pleas that recalculated his detention credit several months after it entered an order committing him to the custody of the department of youth services. Because the juvenile court lacked jurisdiction to recalculate detention credit after its order of commitment, the judgment is vacated.
On August 15, 2000, the Lorain County Prosecutor's Office filed a delinquency complaint against Defendant, alleging that he appeared to be a delinquent child by reason of committing acts that would have constituted the offenses of two counts of domestic violence and one count of felonious assault if committed by an adult. One count of domestic violence was dismissed and Defendant admitted to the remaining allegations in the complaint. On September 7, 2000, Defendant was sentenced to commitment to the Ohio Department of Youth Services on the felony of felonious assault.[1] The trial court suspended the sentence, however, and placed Defendant on intensive probation.
On March 28, 2001, Defendant appeared before the court on allegations that he had violated the terms of his probation. He was alleged to have violated the conditions of his probation; no additional crimes were alleged. After Defendant admitted to a probation violation, the trial court reimposed the original sentence on the felonious assault complaint.
On July 6, 2001, Defendant moved for a recalculation of detention credit, alleging that he was entitled to credit for a total of eighty-three days that he served in the county detention home. On December 17, 2001, the trial court granted Defendant additional credit, but not for the entire eighty-three days he requested. Defendant appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR "The juvenile court erred when it failed to credit [Defendant] with the totla number of days he was held in detention pursuant to R.C. 2151.355(F)(6) * * *."
Defendant challenges the trial court's order of December 17, 2001, which recalculated detention credit several months after its March order of commitment. Although neither party has raised the issue of the trial court's subject matter jurisdiction, this court has inherent authority to raise the issue for "[a] judgment rendered by a court lacking subject matter jurisdiction is void ab initio." Patton v. Diemer (1988),35 Ohio St.3d 68, paragraphs three and four of the syllabus; see, also,Fisher v. Fisher, 10th Dist. No. 01AP-1041, 2002 Ohio 3086, at ¶ 33. Because the trial court was without jurisdiction to recalculate detention credit, its December 17, 2001 order must be vacated.
Ohio juvenile courts are statutory and possess only the jurisdiction that the General Assembly has conferred upon them. In re Gibson (1991),61 Ohio St.3d 168, 172. At the time the trial court ruled on Defendant's motion for recalculation of detention credit, R.C. 2151.38(A)[2]
provided, in relevant part,
 "When a child is committed to the legal custody of the department of youth services, the jurisdiction of the juvenile court with respect to the child so committed shall cease and terminate at the time of commitment" except in three specific situations not relevant here.
The juvenile court committed Defendant to the department of youth services on March 28, 2001. See State v. McCallister (Dec. 7, 1987), 5th Dist. No. CA-7264 (juvenile court commits child to the custody of the department of youth services, for purposes of R.C. 2151.38(A) at the time it files its order to that effect). Consequently, its jurisdiction over Defendant ended at that time, except in the specific situations set forth in R.C. 2151.38 (B), (C), and (G), none of which apply here.
Moreover, the statutory provision upon which Defendant relied in his motion for recalculation of detention credit, former R.C.2151.355(F)(6),[3] explicitly provided that the court calculate credit "when" it committed him to the department of youth services, not afterward:
 "When a juvenile court commits a delinquent child to the custody of the department of youth services [for committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult], the court shall state in the order of commitment the total number of days that the child has been held, as of the date of the issuance of the order, in detention in connection with the delinquent child complaint upon which the order of commitment is based. * * * "
Nothing in this provision even suggests that the court had any authority after the order of commitment to recalculate credit, or essentially reconsider its ruling. Because the trial court had no statutory jurisdiction to recalculate Defendant's detention credit after March 28, 2001, its December 17, 2001 order that recalculated detention credit is void.
The trial court's December 17, 2001 order is hereby vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.
[1] Pursuant to former R.C. 2151.355(A)(5)(c), the juvenile court had authority to commit the child to the department of youth services only for offenses that constitute felonies.
[2] R.C. 2151.38 was extensively amended, effective January 1, 2002, and no longer includes this provision.
[3] R.C. 2151.355 was repealed, effective January 1, 2002.