OPINION
{¶ 1} Defendants-appellants, William L. Hines and Theresa Hines, appeal the decision of the Warren County Court of Common Pleas vacating a default judgment and denying a motion for summary judgment. We affirm the decision of the trial court.
 {¶ 2} John A. Kestelik ("Kestelik") purchased a house in 1999. On November 3, 1999, Kestelik gave a mortgage to Associates Financial Services Co. ("Associates") in the amount of $406,890.74. Kestelik also gave a second mortgage to J.C. DeBoard Co. ("J.C. DeBoard") in the amount of $10,000, which was recorded on April 17, 2001.
 {¶ 3} On March 30 and April 16, 2001, plaintiff-appellee, Guarantee Title Trust ("Guarantee Title"), obtained judgments against Kestelik from the Delaware County Court of Common Pleas in the amount of $315,411.22. On May 23, 2001, Guarantee Title filed its certificate of judgment against Kestelik with the Warren County Clerk of Courts, obtaining its judgment lien against Kestelik's property.
 {¶ 4} On May 31, 2001, Kestelik sold the subject property to appellants for the purchase price of $467,500, conveying it by a general warranty deed. In consideration of $337,500 provided by Wells Fargo as purchase money, appellants gave Wells Fargo a mortgage in that amount. The mortgage was recorded along with Kestelik's deed on June 15, 2001.
 {¶ 5} At the May 31, 2001 closing, a check in the amount of $428,084.96 was dispersed to Associates to extinguish its mortgage. A check in the amount of $4,665.80 was also dispersed to J.C. DeBoard to extinguish its mortgage. Guarantee Title was not informed of the sale.
 {¶ 6} Guarantee Title filed the instant action on June 19, 2001. On July 27, 2001, the court entered default judgment against Associates and Wells Fargo. On November 13, 2001, appellants' filed a motion for default judgment against Guarantee Title. The motion for default judgment was granted on November 13, 2001.
 {¶ 7} However, on November 20, 2001, the trial court determined that the default judgment was granted improvidently and therefore vacated the default judgment. The trial court then granted Guarantee Title leave to file its reply to appellants' counterclaim. Appellants appeal the decision of the trial court raising two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "The trial court committed reversible error when it vacated its prior judgment entry that had granted defendants-appellants' motion for default judgment against plaintiff on defendants-appellants' counterclaim."
 {¶ 10} Appellants argue that Guarantee Title never filed a Civ.R. 60(B) motion to vacate judgment. Appellants maintain that Guarantee Title "never availed itself of that possible remedy, and it is reversible error for the trial court to vacate the entry of default judgment without such a motion before the court."
 {¶ 11} However, a "court has an inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." Van DeRyt v. Van DeRyt
(1966), 6 Ohio St.2d 31, 36. A court's inherent power to set aside such judgments "is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio Courts."Patton v. Diemer (1988), 35 Ohio St.3d 68, 70. See, also,Cincinnati School District Bd. of Edn. v. Hamilton Cty. Bd. ofRevision, 87 Ohio St.3d 363, 2000-Ohio-452.
 {¶ 12} On November 20, 2001, the trial court entered a judgment stating, "the default judgment granted on November 13, 2001 against Plaintiff was improvidently granted and is hereby held for naught and vacated and Plaintiff is granted leave to file its reply to the counterclaim." The court determined that the default judgment was improvidently granted because Guarantee Title did not have notice of the application for default judgment.
 {¶ 13} Appellants argue that they did not need to serve Guarantee Title because they "never entered an appearance to defend the Counterclaim." However, a party is entitled to notice of the application for default judgment when that party clearly expresses an intention and purpose to defend the suit, regardless of whether a formal filing is made. AMCA Internatl. Corp. v.Carlton (1984), 10 Ohio St.3d 88, 91.
 {¶ 14} Guarantee Title filed an action against all potential interested parties on June 19, 2001. This clearly expresses an intention and purpose to litigate the suit. Therefore, before a default judgment could properly be entered, Guarantee Title was entitled to receive notice of the application for default judgment. Consequently, it was neither incumbent upon Guarantee Title to establish a basis for relief under Civ.R. 60(B) nor was it necessary for the trial court to derive its authority therefrom. Patton, 35 Ohio St.3d at 70.
 {¶ 15} The trial court was correct in vacating the entry of default judgment. The first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "The trial court committed reversible error when it denied defendants-appellants' motion for summary judgment on the claims set forth in the counterclaim on the issues of declaratory judgment and quiet title, and when it failed to enjoin or dismiss the forclosure or to fix the value, if any, of plaintiff's lien, or to declare plaintiff's lien to have a de minimis value."
 {¶ 18} The magistrate's decision states that appellants "ask the Court to declare that [Guarantee Title's] $315,411.22 judgment lien is of `de minimis value,' fix the value of the lien, enjoin the foreclosure and dismiss this action upon payment of the lien as fixed. [Appellants] have not cited any law, and this magistrate is unaware of any law, which would entitle [appellants] to such relief." Therefore, the magistrate determined that appellants "motion for summary judgment must be overruled with respect to these issues." However, appellants argue that, pursuant to R.C. 2721 et seq., the court is empowered to grant the relief requested.
 {¶ 19} An appellate court's review of a summary judgment decision is de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. Civ.R. 56(C) provides that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 20} Guarantee Title obtained judgments against Kestelik from the Delaware County Court of Common Pleas in the amount of $315,411.22 on March 30 and April 16, 2001. R.C. 2329.02 provides that a judgment lien is created at the time the certificate of judgment is filed with the clerk of courts. Guarantee Title filed its certificate of judgment with the Warren County Clerk of Courts on May 23, 2001. Pursuant to R.C. 2329.02, the lien is valid. The subject property was then conveyed to appellants on May 31, 2001, by a general warranty deed for $467,500. While the lien is valid, its value is in question.
 {¶ 21} At the May 31, 2001 closing, a check in the amount of $428,084.96 was dispersed to Associates to extinguish its November 3, 1999 mortgage. A check in the amount of $4,665.80 was also dispersed to J.C. DeBoard to extinguish its mortgage April 17, 2001. Guarantee Title's lien was third in position to collect funds from the sale; however, Guarantee Title was not informed of the sale to be present.
 {¶ 22} Since Guarantee Title's lien is valid and its value cannot be fixed as de minimis, there is a genuine issue as to a material fact and summary judgment is inappropriate. Therefore, the trial court was correct in overruling the motion for summary judgment. The assignment of error is overruled.
 {¶ 23} The judgment is affirmed.
Judgment affirmed.
Valen, P.J., and Walsh, J., concur.