[Cite as *Wisniewski v. Manogg*, 2012-Ohio-1081.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MINDY WISNIEWSKI | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 11-CA-118 |
| PHILIP SCOTT MANOGG | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Municipal
                             Court, Case No. 05 CVI 00849

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      March 15, 2012

APPEARANCES:

For Defendant-Appellant              For Plaintiff-Appellee

PHILIP S. MANOGG, PRO SE             MINDY WISNIEWSKI, PRO SE
c/o P.O. Box 855                     107 Rolling Meadow Court
Newark, Ohio 43058-0855             Pickerington, Ohio 43147

*Hoffman, J.*

**(¶1)** Defendant-appellant Philip S. Manogg appeals the October 26, 2011 Judgment Entry entered by the Licking County Municipal Court which denied his Motion to Set Aside Judgment, pursuant to CivR. 60(B). Plaintiff-appellee is Mindy Wisniewski.[1]

STATEMENT OF THE CASE[2]

**(¶2)** Appellee filed a Complaint against Appellant in the Small Claims Division of the Licking County Municipal Court, seeking return of a security deposit she paid under a lease. The Complaint was sent via certified mail to Appellant at 12 E. Locust St., Newark, Ohio. It was returned, marked "unclaimed".

**(¶3)** The Complaint was then sent via regular mail to the same address. There was no indication of a failure of delivery of that mailing.

**(¶4)** Appellant failed to appear at the arbitration hearing on the Complaint scheduled for October 25, 2005. As a result, on October 27, 2005, the trial court entered default judgment against Appellant in the amount of $1300.00 plus interest and costs.

**(¶5)** Appellee initiated collection proceedings against Appellant in 2006, and again in 2010. Service was attempted at the same address on Locust St., but was returned and marked "unable to forward – no forwarding order on file."

**(¶6)** Thereafter, Appellant filed a Notice of Special Appearance in the trial court on September 19, 2011, together with a Motion for Relief from Judgment. The magistrate overruled the motion on October 12, 2011. Appellant filed objections

---

[1] Appellee did not file a reply brief in this appeal.
[2] A rendition of the facts is unnecessary for our resolution of this appeal.

thereto, which the trial court overruled via Judgment Entry filed October 26, 2011. It is from that judgment entry, Appellant prosecutes this appeal assigning as error:

**(¶7)** "I. THE TRIAL COURT ERRED IN FAILING TO VACATE THE JUDGMENT ENTERED AGAINST DEFENDANT-APPELLANT.

**(¶8)** "II. THE TRIAL COURT ERRED IN FAILING TO GRANT RELIEF FROM JUDGMENT UNDER RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE (VACATION OF THE JUDGMENT)."

**(¶9)** This case comes to us on the accelerated calendar governed by App.R. 11.1, which states the following in pertinent part:

**(¶10)** "**(E) Determination and judgment on appeal**

**(¶11)** "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

**(¶12)** The decision may be by judgment entry in which case it will not be published in any form."

**(¶13)** This appeal will be decided in accordance with the rule.

I & II

**(¶14)** The trial court summarily overruled Appellant's motion for relief from judgment, finding it was untimely filed pursuant to Civ.R. 60(B)(3).[3]

**(¶15)** This Court held in *Thompson v. Bayer*, 5th Dist. 2011-CA-00007, 2011-Ohio-5897, ¶16:

---

[3] Our review of Appellant's motion reveals it requested relief pursuant to Civ.R. 60(B)(1), (3) and (5).

Ohio law clearly provides that a judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941 and *CompuServe, Inc. v. Trionfo* (1993), 91 Ohio App.3d 157, 161, 631 N.E.2d 1120. Accordingly, a judgment rendered without proper service is a nullity and is void. *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 133 N.E.2d 606. The authority to vacate a void judgment is not derived from Civ.R. 60(B), "but rather constitutes an inherent power possessed by Ohio courts." *Patton*, supra paragraph four of the syllabus. To be entitled to relief from a void judgment, a movant need not present a meritorious defense or show that the motion was timely filed under Civ.R. 60(B). *Id.*

**(¶16)** Given Appellant's claim of improper service of the original complaint, we find a hearing is necessary for the trial court to determine that issue. As such, we find any discussion of the merits of Appellant's assignments of error premature.

**(¶17)** The judgment of the Licking County Municipal Court is reversed.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


MINDY WISNIEWSKI                             :
                                             :
    Plaintiff-Appellee                       :
                                             :
-vs-                                         :         JUDGMENT ENTRY
                                             :
PHILIP SCOTT MANOGG                          :
                                             :
    Defendant-Appellant                      :         Case No. 11-CA-118


For the reasons stated in our accompanying Opinion, the judgment of the Licking

County Municipal Court is reversed and the matter is remanded to that court for further

proceedings in accordance with our Opinion and the law.  Costs to Appellee.



s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS